Blackmar agt. Van Inwager.

5 How. 367—*Contra,* 14 How. 100, 101.

## SUPREME COURT.

### BLACKMAR agt. VAN INWAGER.

Under the Constitution (*Art.* 3, § 6), the Supreme Court have general jurisdiction in law and equity throughout the state. Therefore, if a motion is heard and decided by the court irregularly, as in a case where an insufficient or no notice of motion has been given, or the papers are otherwise defective, or where the motion is made in the wrong county, the order is not void for want of jurisdiction, but merely irregular; and is binding until vacated or set aside.

So held, where upon due notice, an order for a commission was granted to the defendant, by default, in the wrong county.

*It seems,* that there is nothing in the rules of practice or the statute which requires the motion papers for a commission to state in what county the action is to be tried.

*Ontario Circuit and Special Term, Nov.* 1850. *Motion to set aside inquest.* On the 23d September last, at a special term held at Albion in Orleans county, the defendant's counsel, upon regular notice, applied for and obtained an order for a commission to examine a witness in New Orleans, which order contained a provision that all proceedings on the part of the plaintiff be stayed until the return of the commission. The order was duly served on the plaintiff's attorney on the 26th September.

The complaint specified the county of Wayne as the place of trial. Issue was duly joined in the action by reply to the defendant's answer previous to the notice of the motion for the commission. The motion for the commission was not opposed.

The plaintiff's attorney treated the order as a nullity, and having duly noticed the action for a trial and inquest at the circuit appointed in the county of Wayne on the third Tuesday in October last, took an inquest in the cause on Saturday of the first

week of the circuit. The county of Orleans is in the 8th and adjoining the 7th judicial district, but is not adjoining the county of Wayne, which is in the latter district.

T. R. STRONG, *for Defendant.*
S. K. WILLIAMS, *for Plaintiff.*

WELLES, Justice.—In Inglehart, adm'r &c. vs. Johnson, decided at the late Monroe circuit and special term, it was held that a motion must be made within the district in which the action is triable, or in a county adjoining the county in which it is triable. That such was the true reading of section 401 of the Code. It was therefore irregular to notice the motion for the commission in Orleans county; but the motion was granted without opposition, and the question is whether the plaintiff had a right to treat the order as a nullity. The plaintiff's counsel has referred to the cases of Spencer vs. Barber (5 *Hill*, 568); The Methodist Epis. Church vs. Tryon (2 *How. Sp. T. R.* 132), and Crary vs. Oliver (*id.* 135), as authorities showing the order a nullity. Those were all cases of supreme court commissioners granting orders in cases where they had no jurisdiction, and were clearly decided right (see 2 *R. S. p.* 280, § 20; *p.* 281, § 31, and *rule* 97 of rules of the late Supreme Court, ed. of May 1845). The powers of supreme court commissioners were created and limited by statute, and where they transcended such powers they acted without jurisdiction, and their acts were of course null and void. But this court at the general and special terms thereof is not dependent upon the legislature for its inherent powers. They are derived from the constitution. By § 3 of art. 6 of that instrument, general jurisdiction in law and equity is conferred upon the Supreme Court. Section 6 of the same article provides for holding general and special terms. It is a defect of power only that can render the act of the court void, and justify a party in treating it as a nullity. The distinction is between an absence of authority and an irregularity. In the latter case, as where an insufficient or no notice of the motion has been given, or the papers are otherwise defective, or where the motion as in this case is made in a wrong

county, the order is not void, but merely irregular, and is binding until vacated or set aside. If the motion for the commission in the present case had been opposed, and the fact shown that the place of trial was in Wayne county the court, upon the objection being raised, would undoubtedly have declined to hear the motion. I have looked through the papers upon which the motion for the commission was founded, and do not perceive that they show the place where the trial was to be had. I know of no rule of practice requiring such fact to be shown in the moving papers. The statute authorizing commissions to issue does not require it (2 R. S. 393, § 11); nor is it stated to be necessary on the books of practice (Gr. Pr. 2d ed. 592–3; Dunlap's Pr. 544–5; Caines' Pr. 400–1). If it is necessary, it can only be so in order to show that the motion is made in the proper county under section 401 of the Code. If it is not, then it follows that the order in this case was not even irregular. But be this as it may, I think in as much as the constitution has given the court general jurisdiction throughout the state, there was no want of power in the special term in Orleans county to grant the order in question; and until it is set aside, revoked or rescinded, it is as binding as if it had been made in the county of Wayne (see Gould vs. Root, 4 Hill, 454).

I think, therefore, the plaintiff was irregular in disregarding the order and that the inquest should be set aside. But as the main question raised is new, and so far as I know has not before received a judicial examination, the motion is granted without costs.