REBECCA A. PINCKNEY, Appellant, *v.* DAVID B. HAGERMAN, Sheriff, &c., Respondent.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

Orders of the Supreme Court, in cases pending therein, are within its jurisdiction, however irregularly they may be obtained in practice.

In an action for breach of promise of marriage the plaintiff had judgment, and an execution was issued thereon against the defendant's person.—*Held*, that an order of the court setting aside the execution and discharging the defendant from custody, though made in a wrong county, and without notice as required by statute (Code, § 414), was not made without jurisdiction, and was a defence in an action for an escape against the sheriff, who had released the defendant under it.

THIS was an appeal by the plaintiff from a judgment against him, rendered after trial by the court. The facts are stated in the opinion.

*L. W. Bates*, for the appellant.

*H. B. Cushing*, for the respondent.

Present—MILLER, P. J., JAMES and PARKER, JJ.

By the Court—PARKER, J. This action is brought against the defendant, sheriff of Montgomery county, for the escape of one Wagner, who was confined within the jail limits of the county, by virtue of an execution against his body, issued upon a judgment of this court, in plaintiff's favor, against

Pinckney *v*. Hagerman.

him, rendered in an action for breach of promise of marriage.

The defence is, an order of this court, made at Special Term, setting aside the execution on which Wagner was imprisoned, and discharging him from the custody of the sheriff.

The action was tried at the Montgomery Circuit, by the court, trial by jury having been waived, and the defence was held to be a valid one, and judgment rendered for the defendant; from which judgment the plaintiff has appealed.

The judgment roll in the action against Wagner was filed in Otsego county where the action was triable. The order setting aside the execution, &c., was made at a Special Term held at Johnstown, in Fulton county. Thus it appears that in making the motion for the said order, the requirement of section 401, of the Code, that "motions upon notice must be made within the district in which the action is triable, or in a county adjoining that in which it is triable," was disregarded. Fulton county (of which fact we take judicial notice) not being in the same district with Otsego, nor adjoining it.

As this statutory provision was violated, it is insisted by the plaintiff's counsel that the action of the court, in making the order, was without jurisdiction, and void.

Such order was, no doubt, irregular, but the court had *jurisdiction* to make it. The motion for the order was made without notice. For this reason, also, it was irregular, for by the Code the motion should have been made upon notice, (Code, section 414.) But the want of notice, I apprehend, did not deprive the court of jurisdiction to make the order.

This question has been decided, both as to the effect of want of notice and of the motion being made in the wrong county, in *Blackmar* v. *Van Inwager* (5 How., 367), where it was held that there was, for those reasons, no want of jurisdiction in the court, and that the order was good till vacated or set aside. The same was held in *Geller* v. *Hoyt* (7 How., 265). These are Special Term cases; but I agree with them in holding that the court having, by the Constitu-

tion, general jurisdiction, its orders, in cases pending therein, are within its jurisdiction, however irregular they may be in practice.

"In such cases, departures from the provisions of the statutes are irregularities, which the parties may be relieved against by motion." (*D'Ivernois* v. *Leavitt*, 8 Abb., 59, 63.)

The action was in the Supreme Court. There is but one Supreme Court in the State, although that court acts through various branches. The orders made at every Special or General Term of the Supreme Court held in the State are orders of the Supreme Court, and, if made in causes properly brought into, and pending in, the Supreme Court, cannot be void for want of jurisdiction.

In this case, the court making the order relied upon by the defence, having jurisdiction to make it, however irregular or erroneous it may have been, the sheriff was bound to obey it, and it therefore constitutes a good defence.

In *The People* v. *Sturtevant* (5 Seld., 266), Judge JOHNSON, in giving the opinion of the court, states a general proposition as follows: "The first question to be considered is, did the injunction impose any obligation upon anybody? The answer must depend upon the solution of the further question, whether the Superior Court had jurisdiction of the action in which it was ordered to be issued; because the principle is of universal force, that the order or judgment of a court having jurisdiction is to be obeyed, no matter how clearly it may be erroneous."

Within the proposition stated by the appellant's counsel in his first point, that "the sheriff is liable for an escape, *unless he can justify* by the act of God or the public enemy, or *by an order of a court having jurisdiction to make it*, provided such order is not void on its face," the defendant has fully justified his discharge of Wagner from the custody in which he was held under the plaintiff's execution, by production of the order of the court above mentioned.

There can be no pretence that the court went further than it had power to do, in what it did and ordered done. The

language of the order is: "It is hereby ordered that the execution against the person of the said Wagner be, and the same is, set aside, and all proceedings thereunder be and are enjoined; and that the said Peter Wagner be discharged from the custody of the sheriff and from the limits."

That the court had power over its own process, to vacate it and set it aside, at any stage of the proceedings under it, cannot be questioned. And it is of no consequence to the question under consideration, on what evidence or grounds the court proceeded in setting aside the execution and discharging the prisoner under it. On whatever ground it was made, the sheriff was bound to obey the order, and is, therefore, justified in obeying it.

The court, at the circuit, was right in holding, as it did:

1st. That the order was not without jurisdiction, nor void upon its face.

2d. That it was, and is, a protection to the defendant against the claim for an escape alleged in the complaint.

And in ordering the dismissal of the complaint.

The judgment appealed from is right, and must be affirmed, with costs.

Judgment affirmed.