(34 Misc. Rep. 251.)

## In re SALMON.

(Supreme Court, Special Term, Monroe County.　March, 1901.)

1. DIVORCE—DECREE—MOTION FOR MODIFICATION—NOTICE.

Laws 1897, c. 452, authorizes a court in which a judgment of divorce has been rendered to modify a decree allowing the party for whose misconduct the decree was rendered to remarry, but does not provide that notice to the adverse party shall be necessary.　Code Civ. Proc. § 780, provides that, where a special provision is not otherwise made by law or by the general rules of practice, notice of a motion must be served at least eight days before the time for hearing.　*Held*, that section 780 does not require the service of notice of a motion to modify a decree of divorce, so as to allow defendant to remarry, since it applies only to cases in which notice is necessary.

2. SAME.

An order modifying a decree of divorce in favor of plaintiff for defendant's adultery was granted six years afterwards, allowing defendant to remarry.　The original decree reserved the question of alimony, but during the six years plaintiff had made no application for the allowance.　*Held*, that the contention that plaintiff was entitled to notice of defendant's application, on the ground that the modification of the decree interfered with her right to subsequently apply for alimony, cannot be sustained, since the modification in no way affected her right to alimony.

Action by Irene B. Salmon against William R. Salmon.　Decree awarding plaintiff a divorce.　Motion by plaintiff to set aside an order modifying the decree, allowing defendant to remarry.　Motion denied.

William A. Sutherland, for plaintiff.

J. B. M. Stephens, for defendant.

DAVY, J.　A single question of law is presented upon this motion, and that is whether the court had power to grant the order modifying the judgment of divorce obtained herein so as to permit the defendant to marry again, without giving notice of the application thereof to the plaintiff.　The statute upon which this judgment was modified provides that:

"Whenever a marriage has been or shall be dissolved, pursuant to the provisions of this article, the complainant may marry again during the lifetime of the defendant; but no defendant convicted of adultery shall marry again until the death of the complainant, unless the court in which the judgment of divorce was rendered shall in that respect modify such judgment, which modification shall only be made upon satisfactory proof that five years have elapsed since the decree of divorce was rendered, and that the conduct of the defendant since the dissolution of said marriage has been uniformly good." Chapter 452, Laws 1897.

The defendant's application for a modification of the decree was based upon his verified petition, addressed to the supreme court, showing that five years had elapsed since the decree of divorce was rendered, and that since the dissolution of his marriage he has lived with his father's family, and has been engaged in the management of one of his father's stores, which is located in the Powers Block, in the city of Rochester.　Accompanying the petition were eight affidavits of well-known business men of said city, all of whom are men of excellent character, who swore that they had been acquainted with the

defendant a number of years, and that his conduct and manner of life since the decree of divorce was rendered have been exemplary and uniformly good. Upon these papers and proof of the good character of the woman whom the defendant intended to marry, the court granted an order modifying the decree.

It is urged that the plaintiff has been prejudiced by the granting of the order, and therefore the order is absolutely void. The rule is that a void order is one that the court has no power to make; an irregular order is one that the court has jurisdiction to grant, but which is unauthorized by reason of a failure to comply with some statutory requirement. In all cases where the court has acquired jurisdiction in an action or proceeding, its order made or judgment entered therein is valid and enforceable, and affords protection to all persons acting under it, although it may afterwards be set aside or reversed as erroneous. Fischer v. Langbein, 103 N. Y. 90, 8 N. E. 251. Even where notice of motion is required, the order may be allowed to stand if it is made to appear upon the motion to vacate it that the adverse party was in no wise prejudiced. If it had been the design of the legislature that the plaintiff should have notice of the application, it would have been inserted in the act. It is evident from the language of the act that no notice is required to be given to the adverse party; neither does the Code of Civil Procedure nor the general rules of practice require notice to be given upon such an application. Section 780 of the Code of Civil Procedure applies to cases in which notice is necessary, and for which special provision has not otherwise been made by law or by the general rules of practice. It will be seen from an examination of rule 37 that it no more defines the cases in which the necessity exists for serving notice of motion than section 780 does. There are many applications for orders as to which no special provision exists under the law or the general rules of practice requiring notice to be given. When applications are made ex parte for such orders, much depends upon the particular facts presented, and the circumstances under which the application is made, whether notice is necessary to be given to the adverse party or not. It seems to me that the real test of the necessity of giving notice in a case not specifically provided for by law or the general rules of practice is whether the adverse party is affected by the order. In this case the plaintiff has not been prejudiced or affected in the least by the modification of the decree. There was no necessity, therefore, for giving her notice of the motion. The original decree reserved the question of alimony for further consideration. Nearly six years have passed since it was granted, and no application has been presented to the court for alimony until this motion was made. But, notwithstanding this long delay, I am inclined to think that the defendant is not released from the provisions in the original decree pertaining to alimony, unless the plaintiff, by her own acts or neglect, is estopped from enforcing it. The clause prohibiting him from remarrying is simply the language of the statute embodied in the decree. It is no part of the relief demanded in the complaint. It is a matter over which the plaintiff and the court had no control whatever. The statute imposes this restriction, which is in the nature of a punishment

for his misconduct. The plaintiff, therefore, has no interest in the penalty. It is a matter that pertains to the public, and not to any individual. In Winans v. Winans, 124 N. Y. 140, 26 N. E. 293, it is stated that the rule which governs any ordinary case is not to be strictly applied in actions for divorce. The rights of the parties to the record are not alone to be considered. The public is to be regarded as a party, and must be so treated by the court; and for this reason the court is invested with wider discretion in the control of such cases than of others. The statute under which this application was made provides how the defendant, after the expiration of five years from the granting of the decree, may be relieved from the penalty. It does not require notice to be given to the adverse party. The court, in its discretion, upon satisfactory proof that the defendant's character has been uniformly good for five years since the decree was rendered, may grant an order modifying the judgment, permitting him to marry again. The plaintiff in this case has lost no rights. She is left precisely in the same position she would have been if the decree had not been modified. Under such circumstances it would have been an idle and useless ceremony to have served notice of motion on her.

It is a fundamental rule that statutes should be construed so as to give effect to the purpose of the lawmakers. In passing this act the lawmakers evidently reached the conclusion that it was better for the public that a person who had been divorced should be permitted to marry again, providing that person maintained a good character for five years after the dissolution of the marriage. The act contemplates the holding out of an inducement to the party to reform, and become a good citizen; and by so doing, after a certain period, he may, upon application to the court, be relieved from the penalty. The object of the provisions of this act was to enlarge, rather than to restrict, the power of the court. This policy, it seems to me, is much more wholesome to the public morals than to prohibit a party from remarrying until after the death of the plaintiff, especially when the law pertaining to this penalty can be so easily evaded by the divorced parties by simply going into some one of the adjoining states, and there remarrying, and then returning to this state, and residing here. Such a course, however, is not to be commended, but it has the sanction of the law. The courts of this state uphold and sustain such marriages. It is a rule of law well settled that, if the marriage was valid under the laws of the state where it took place, it is also valid under the laws of this state, and that the provisions of our statute prohibiting the second marriage of a person divorced on the ground of his or her adultery during the life of the former husband or wife, and declaring such marriage void, has no application, as such restriction is in the nature of a penalty, and could have no effect outside of this state. Van Voorhis v. Brintnall, 86 N. Y. 18; Thorp v. Thorp, 90 N. Y. 602. It is a general rule of law that, where a marriage contract is entered into in another state, if valid according to the laws of that place, it is valid everywhere. It was remarked by Judge Danforth in Van Voorhis v. Brintnall, supra, that there is nothing in the statute to indicate an intention of the legislature to reach beyond

the state to inflict a penalty, nor an intent to impress the citizen with the prohibition as to make an act which is innocent and valid where performed an offense when he returns to this state. I am inclined to think that the order cannot be assailed for want of jurisdiction or power of the court to entertain the application. If the order modifying the decree had affected a substantial right of the plaintiff, it would have been irregular to have granted it without notice. As her rights and interests are not affected by the modified decree, and as there was no violation of the provisions of any statute, or unlawful exercise of jurisdiction by the court in modifying it, the order, therefore, is not void, nor the proceedings irregular. The effect of setting aside this order as null and void would result not only in punishing the defendant, but also his present wife, who is an innocent party; and it might result in declaring the child or children, if any, of the present marriage illegitimate.

This motion, therefore, must be denied, but without prejudice to the plaintiff to renew the motion for alimony at such time as she may be advised.