(96 App. Div. 157.)

SPONENBURG v. CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. INJUNCTION—STAY—POWER OF COURT.

> Where a judgment restraining the pollution of a creek with sewage provided that the injunction should be suspended until January 29, 1903, and that defendant should have leave to apply to the Supreme Court for a further extension for such reasonable time beyond such date as might be necessary for the obtaining of proper legislation or the establishment of a different system of sewage for the city, the granting of an extension for a year after the date specified did not exhaust the court's jurisdiction, nor prevent it from granting further extensions, so long as there was reasonable ground therefor.

2. SAME—DAMAGES—ACCEPTANCE.

> Where the court awarded plaintiff $16 as damages, and directed defendant to pay the same as a condition to granting a stay of an injunction, plaintiff was not bound to accept such sum in full of his damages, but was entitled to decline the same and thereafter have his damages determined by a jury or by a commission.

> Parker, P. J., dissenting.

Appeal from Special Term, Montgomery County.

Action by George H. Sponenburg against the city of Gloversville. From an order granting a further stay of an injunction (87 N. Y. Supp. 602), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

M. D. Murray (Andrew J. Nellis, of counsel), for appellant.
William A. McDonald, for respondent.

SMITH, J. The judgment of the court has restrained the defendant from polluting the waters of Cayadutta creek by discharging its sewage into said creek. The plaintiff is a lower riparian owner, who complained of the acts of the defendant as constituting a nuisance. In the judgment it was provided that the injunction was suspended until January 29, 1903, and "that the defendant

should have leave to apply to this court at a Special Term to have the operation of said judgment further suspended for such reasonable time beyond January 29, 1903, as may be necessary for the obtaining of appropriate legislation or the establishment of a different system of sewage for said city." This extract from the judgment is taken from the affidavits in the case. The original judgment is not in the record. On the 31st day of January, 1903, an order was made by Justice Houghton for the further suspension of that injunction for one year from January 29, 1903. The order here appealed from is an order still further suspending the injunction for a year from January 29, 1904.

To this order the appellant makes three objections: First, that the court is without power to further suspend the operation of the injunction. The argument of counsel is that, the right reserved in the judgment to further suspend the operation of the injunction for a reasonable time having been once invoked, it could not be again invoked, and that the time fixed when the application was first made must be deemed final, as though the judgment gave no further right to apply for a suspension. Without discussing the inherent power of the court to suspend the operation of its judgment, we have no doubt that the right given by the judgment itself exists so long as reasonable ground appears for the further suspension of the operation of the injunction. In January, 1903, it was no more possible to tell absolutely what would be reasonable further time than it was at the time the judgment was rendered. The nature of the right itself and the object to be accomplished thereby clearly mark the extent of the right, as a right, to apply so often as reasonable ground exists therefor.

The appellant still further objects that, even though the court had discretion, the facts of the case at bar were not such as to warrant its exercise. While the defendant was contributing only one-third to the pollution of the stream, it could hardly be expected to condemn the rights of the lower riparian owners for which it might result in its paying practically full value. The only alternative was to provide some system that should care for the sewage in such a way as to render it unnecessary that it should be cast into this stream. It is not clear that the authorities of the defendant have acted in perfect good faith in yielding obedience to the judgment of the court. Much more might clearly have been done in the time allotted. It is not without considerable hesitation that we have determined to affirm the order, in the light of at least some unnecessary delay in the defendant in conforming to the judgment of the court. It should be borne in mind that the courts will not tolerate sloth in the authorities of the defendant city in yielding obedience to its judgment, and, if once satisfied of their bad faith in attempting to conform to the judgment, the punishment will be sure. We should find it difficult to approve of any further extension than the one now given, unless upon facts much stronger than those that appear in the defendant's behalf in this application.

The order further provides that this injunction is further suspended upon condition of the payment of $16 as damages to the

plaintiff and of $10 costs of the motion. The plaintiff's third objection to this order is that the court has no right to determine those damages, but, as it is the taking of private property for public use, the plaintiff had the constitutional right to its determination by a jury or by a commission appointed. The answer to this objection lies in the fact that the plaintiff is not bound to accept this amount as his damage. The granting of an injunction by a court of equity rests in the discretion of the court. It may be conditioned as to the court shall seem proper. As a condition for the relief granted to the defendant, the court requires a tender upon its part of what it deems to be the damage caused to the plaintiff by the granting of that relief. Without any reservation in the order, the plaintiff still has the right to have his damage assessed under the constitutional provision.

The order should be affirmed, with $10 costs and disbursements.

All concur, except PARKER, P. J., who dissents.