It follows that the order appealed from should be affirmed.

DOWLING, J., concurred.

Order affirmed.

CHARLES A. GOLDREYER, Appellant, v. THOMAS F. FOLEY, Individually and as Sheriff of the County of New York, Respondent.

First Department, January 3, 1913.

**Debtor and creditor — discharge of judgment debtor from imprisonment — ex parte application — when sheriff not liable for escape.**

Where a judgment debtor, imprisoned for contempt in refusing to turn over property as ordered, applies for a discharge from imprisonment under section 775 of the Judiciary Law, the right of the adverse party to notice of the motion depends upon the circumstances of the case.

Where such motion is made and granted *ex parte*, but the adverse party should have received notice, the order of discharge is merely irregular and may be vacated.

But although such judgment debtor has been ordered discharged from imprisonment on an *ex parte* application under circumstances where notice to the judgment creditor should have been given, the sheriff is justified nevertheless in obeying the order and in discharging him from imprisonment. Hence he is not liable in an action brought by the judgment creditor for an escape, as the court did not lack jurisdiction to grant the order of discharge.

APPEAL by the plaintiff, Charles A. Goldreyer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of February, 1912, upon the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived, dismissing the complaint upon the merits.

*Maxwell Slade*, for the appellant.

*Valentine Taylor*, for the respondent.

Judgment affirmed, with costs, on opinion of GREENBAUM, J.

Present — INGRAHAM, P. J., MCLAUGHLIN, CLARKE, SCOTT and DOWLING, JJ.

The following is the opinion of GREENBAUM, J.:

GREENBAUM, J.:

This is an action against a sheriff of the county of New York for an escape. On November 1, 1907, the plaintiff recovered a judgment of $1,487.50 in the City Court of the city of New York against one Vincent C. Corrier and another, and upon the return of execution unsatisfied instituted proceedings supplementary to execution against the defendant Corrier. In the course of these proceedings an order was entered requiring the judgment debtor to deliver certain property within a time therein specified to the receiver appointed in the proceedings. The judgment debtor failed to obey this order, and upon motion of the judgment creditor a further order was entered directing the judgment debtor to turn over the property in question, or, in default thereof, that the motion to punish for contempt be granted. Thereafter, on June 9, 1908, upon proof of the debtor's non-compliance with the order, an order was entered adjudging the debtor guilty of contempt, fining him the amount of the judgment and costs of the proceedings, and directing that he be confined to jail until such fine be paid or discharged according to law. Upon appeal by the debtor this order was affirmed. (*Goldreyer* v. *Shatz*, 114 N. Y. Supp. 339.) On the 24th of March, 1909, the debtor was taken into custody by the sheriff and lodged in jail. On the 23d of April, 1909, the debtor moved *ex parte* and without the knowledge of the plaintiff to one of the justices of the City Court of the city of New York for an order discharging him from imprisonment, and by order entered on that date the motion was granted. Acting thereunder the sheriff discharged the debtor from jail. The sole question presented is whether the failure to give notice of the application for a discharge to the judgment creditor rendered the order void for lack of jurisdiction, and, therefore, insufficient to protect the sheriff in acting thereunder, or whether such failure constituted merely an irregularity which might be sufficient ground for the vacation of the order upon direct motion. In discharging the judgment debtor the court acted under the authority of section 775 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35) which provides as follows:

"Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment, or to pay the sum, or perform the act or duty, required to be paid or performed, in order to entitle him to be released, the court, judge or referee, or, where the commitment was made as prescribed in section twenty-four hundred and fifty-seven of the Code of Civil Procedure, the court, out of which the execution was issued, may, in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment." This section does not provide for notice to the judgment creditor, and there is no specific provision of the Code or General Rules of Practice requiring that notice be given of an application of this nature. Neither section 780 of the Code of Civil Procedure nor rule 37 of the General Rules of Practice defines the cases in which notice of motion is required. (*Shaw* v. *Coleman*, 54 N. Y. Super. Ct. 3, 5, 6; *Matter of Salmon*, 34 Misc. Rep. 251, 253.) Whether notice of motion should be given to the adverse party is dependent in part upon the particular facts presented and the circumstances under which the application is made. (*Matter of Salmon, supra.*) Where the motion is made and determined *ex parte* in a case where from the nature of the application the adverse party should have received notice, the order is merely irregular and may be vacated. (*Shaw* v. *Coleman, supra; Matter of Salmon, supra; Tweedy* v. *United Life Ins. Assn.*, 24 Civ. Proc. Rep. 259; *Pinckney* v. *Hagerman*, 4 Lans. 374; affd., 53 N. Y. 31.) In *Pinckney* v. *Hagerman* (*supra*) the action was brought against the sheriff for the escape of one Wagner, who was confined within jail limits under a body execution issued upon a judgment of the Supreme Court in plaintiff's favor in an action for breach of promise of marriage. Upon the application of Wagner an order was made *ex parte* at a Special Term of the Supreme Court setting aside the execution and discharging him from jail limits. It was contended in part by the plaintiff that the failure to give notice of the motion to vacate the execution rendered the order void for lack of jurisdiction. The court said: "The motion for the order was made without notice. For this reason, also, it was irregular, for by the Code the motion should have been made upon notice.

(Code, section 414.)* But the want of notice, I apprehend, did not deprive the court of jurisdiction to make the order. This question has been decided both as to the effect of want of notice and of the motion being made in the wrong county in *Blackmar* v. *Van Inwager* [5 How. Pr. 367], where it was held that there was for those reasons no want of jurisdiction in the court, and that the order was good till vacated or set aside. The same was held in *Geller* v. *Hoyt* [7 How. Pr. 265]. These are Special Term cases, but I agree with them in holding that the court having by the Constitution general jurisdiction, its orders, in cases pending therein, are within its jurisdiction, however irregular they may be in practice." While I am of opinion that orderly practice and a due regard for the rights of the judgment creditor should have constrained the court to decline to entertain the application without notice to the judgment creditor, I am unable to discover any absence of jurisdiction in the court to make the order, and it follows, therefore, that the sheriff was required to obey the directions therein contained, and was completely justified thereunder in discharging the judgment debtor from imprisonment.

Judgment for defendant, with costs.

---

In the Matter of the Application of the PUBLIC SERVICE COMMISSION for the First District for the Appointment of Three Commissioners to Determine and Report Whether a Rapid Transit Railroad or Railroads for the Conveyance and Transportation of Persons and Property, as Determined by the Commission, Ought to Be Constructed and Operated. (Park Place, William and Clark Street Route.)

First Department, January 31, 1913.

New York city — application for confirmation by Appellate Division of report of commissioners as to construction of subway — objections — confirmation of prior report not res adjudicata — preparation of plans by Public Service Commission — compliance with Rapid Transit Act.

On an application to the Appellate Division for the confirmation of the report of commissioners, appointed pursuant to section 18, article 3 of the Constitution, to determine whether a subway should be built over a

---

* Code Proc. § 414; now Code Civ. Proc. § 799. — [REP.