ANNA RICHMOND, Suing on Behalf of Herself and All Other Stock-
holders of the HERCULES PAPER CORPORATION, Respondent, *v.*
LOUIS M. JOSEPHTHAL and NICOLAS J. GEROLD, Appellants,
Impleaded with HENRY J. SCHNITZER and Others, Defendants.

Third Department, November 15, 1922.

**Depositions — examination of witness before trial under Civil Practice
Act, § 288 — issues on which examination will be had sufficiently stated
under Civil Practice Act, § 290, subd. 4, by referring in notice to num-
bered paragraphs of complaint where answer had been served — vacating
notice of examination — examination not stayed by service of notice
of motion to vacate when such motion not made at first term or sitting
of court at which it could be heard as provided by Civil Practice Act,
§ 291 — if time to serve notice at first term not sufficient, order to show
cause with stay could have been procured.**

A notice of the examination of a witness before trial under section 288 of the Civil
Practice Act complies with subdivision 4 of section 290 of the Civil Practice
Act, providing that the issues upon which such person or persons are to be
examined shall be stated in the notice, where it appears that the issues involved
in the action were stated by numbered paragraphs and set forth in the plaintiff's
complaint and the notice of examination referred to the paragraphs of the com-
plaint by number, as denied by the answer, as the issues upon which the witness
would be examined.

Where a motion to vacate the notice is not noticed for the first term or sitting of
the court at which the motion can be heard, then under section 291 of the Civil
Practice Act, the service of the notice of motion does not operate to stay the

taking of the testimony until the determination of the motion, and the party desiring to take the testimony may proceed so to do.

Accordingly, the service by the defendants of a notice of motion to vacate the notice of examination, returnable July 8, 1922, at a Special Term of the Supreme Court to be held at Saratoga Springs, N. Y., did not operate as a stay of the taking of the testimony, since there was a Special Term of the Supreme Court appointed to be held at Albany, N. Y., on June 24, 1922, and another at Schenectady on July 1, 1922, at either of which the motion could have been noticed.

If there had not been sufficient time to give eight days' notice of the motion to vacate, the defendants could have procured an order to show cause containing a stay of the proceedings.

Appeal by the defendants, Louis M. Josephthal and another, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 2d day of August, 1922, denying said defendants' motion to vacate a notice to take depositions served on behalf of the plaintiff.

*Shearn & Hare* [*Lawrence B. McKelvey* and *Clarence J. Shearn* of counsel], for the appellants.

*Thomas O'Connor* [*George E. O'Connor* and *Edgar T. Brackett* of counsel], for the respondent.

Kiley, J.:

Section 288 of the Civil Practice Act provides for taking the depositions of parties and witnesses to an action. In the same section and as a part thereof we find the following: " Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where such person is about to depart from the State, or is without the State, or resides at a greater distance from the place of trial *than one hundred miles,*" etc. The place of trial of this action is Saratoga county, N. Y. Section 290 of the Civil Practice Act provides that such testimony may be taken on deposition by the service of a notice, and reads as follows: " A party to an action desiring to obtain testimony therein by deposition shall give reasonable notice to his adversary, or if his adversary has appeared by attorney, to such attorney, stating in writing

" 1. The person before whom the testimony is to be taken;

" 2. The time and place at which it is to be taken;

" 3. The name or names of the person or persons to be examined;

" 4. The issues upon which such person or persons are to be examined."

Plaintiff's attorney served a notice, under the provisions of the above section, on the attorneys for the defendants by mail on June 20, 1922, and it was received by said attorneys, so served, on June 21, 1922, that such testimony would be taken in New

York city on the 27th day of June, 1922, at ten o'clock A. M., and stated the place where such hearing would be had.

Section 291 of the Civil Practice Act provides the procedure obtaining when the adverse party desires to have such notice vacated or modified. Among other things said section contains the provision that " the service of notice of the motion, *if made for the first term or sitting of court at which the motion can be heard, shall* operate to stay the taking of the testimony until the determination of the motion." And further that the motion can be brought on by an order to show cause. The defendants served such notice of motion on June 23, 1922, returnable July 8, 1922, at a Special Term to be held at Saratoga Springs, N. Y. This was not the first term at which the motion could have been heard. There was a Special Term appointed to be held at Albany, N. Y., on June 24, 1922, and at Schenectady, July 1, 1922, for which latter term an eight days' notice could have been given. (See Rules Civ. Prac. rule 60.) Plaintiff's counsel disregarded the defendants' notice and proceeded to take the evidence at the time and place stated in his notice. The effect of such disregard is not raised by defendants' notice of motion but was extensively commented upon on the argument, and for the purpose of making clear the difference between the practice under the Code of Civil Procedure and the General Rules of Practice as it existed before the Civil Practice Act and the Rules of Civil Practice as at present, will be referred to later. The question raised by defendants' notice before the Special Term making the order appealed from, is, that the issues were not stated in plaintiff's notice as required by subdivision 4 of section 290 of the Civil Practice Act. The issues involved in the action were stated by numbered paragraphs and set forth in the plaintiff's complaint which complaint had been served upon the defendants; defendants had answered and had denied the issues as set forth in the complaint; plaintiff's notice referred to the paragraphs of the complaint, by number, as denied by defendants, as the issues upon which witnesses would be interrogated. At Special Term defendants argued that such designation of issues was not a compliance with the requirement of the Civil Practice Act (§ 290, subd. 4). Such contention was not upheld by the Special Term, which is the basis of this appeal. Section 422 of the Civil Practice Act defines " issue " of fact by providing when such issue arises. This complaint contained the issues upon which testimony was sought to be taken by this deposition and they were specifically numbered. The Special Term properly held that reference to those specific issues by numbered paragraphs as appeared in the complaint was a sufficient compliance with section 290 of the Civil

Practice Act. We are not advised, convincingly, how the defendants would have been advantaged by the insertion of those clauses of the complaint in the notice. It clearly appears (this in answer to the criticism that plaintiff's examination proceeded after defendants' notice had been served) that defendants could have made the motion contemplated in section 291 of the Civil Practice Act on July first at Schenectady. That failure justified plaintiff's action in proceeding with the examination and disregarding the notice. If there was not sufficient time to give eight days' notice defendants could have procured an order to show cause containing a stay of proceedings. (Civ. Prac. Act, § 291; Rules Civ. Prac. rule 60.) A hearing could have been had at either of the two Special Terms appointed to be heard as above referred to, viz., Albany and Schenectady. (See Rules Civ. Prac. rule 63, subd. 6.) Rule 63 makes clearer the intention of the codifiers in section 769 of the Code of Civil Procedure. Under rule 37 of the General Rules of Practice an order to show cause, except in the first judicial district, had to be made returnable before the judge granting it, or at a Special Term appointed to be held in the district in which the action is triable. Present rule 60 is a substitute in part for old rule 37, from which is omitted the limiting clause as to orders to show cause. An order to show cause can now be made returnable at any Special Term at which a motion can be heard.

The order should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements.