SILVERSTEIN v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

District Court, N. D. New York.

Sept. 2, 1936.

Sidney N. Zipser, of New York City, (Thomas W. McDonald, of Port Henry, N. Y., and Herman B. Zipser, of New York City, of counsel), for plaintiff.

Katz & Sommerich, of New York City (Ainsworth & Sullivan and Warner M. Bouck, all of Albany, N. Y., of counsel), for defendant.

COOPER, District Judge.

Defendant, by order to show cause granted May 20, 1936, moves to enjoin and restrain plaintiff from taking any further proceedings in the above-entitled case in the Supreme Court of the State of New York, County of Essex, in the Fourth Judicial District of the State, in which the action was brought, unless and until the cause shall be remanded to that court. Plaintiff by cross-notice of motion moves this court to remand this cause to the state court.

Both motions were returnable June 6, 1936, at Albany, and by agreement argument was postponed to July 13, 1936, at Albany.

The plaintiff is a resident of the state of New York, presumably in the county of Essex. Defendant is a California corporation and is authorized by the laws of the state of New York to transact business in the state of New York and to be sued in the state courts thereof. The amount involved in this suit is in excess of $3,000.

The chronology is important in this case.

February 14, 1936. The summons was served.

March 6, 1936. The complaint was served. Under the laws of the state of New York, defendant has twenty days after the service of the complaint to serve an answer. The time to answer may be extended by stipulation or order of the court.

March 11, 1936. Defendant's attorney served demand for change of venue from Essex county to Kings county on the ground that plaintiff was actually a resident of the county of Kings.

On March 27, 1936. Mr. Justice McLaughlin, Supreme Court, Kings County, granted an order, requiring the plaintiff to show cause why the place of trial should not be changed from Essex county to Kings county. The order was returnable at a special term at Elizabethtown April 9, 1936, and contained provision extending the defendants time to answer or otherwise move with respect to plaintiff's complaint until ten days after hearing the determination of the motion.

March 25, 1936. Plaintiff served cross-notice of motion for an order retaining the place of trial in Essex county upon the ground that the convenience of material witnesses and the ends of justice would be promoted thereby in addition to plaintiff's residence in Essex county. This was also returnable April 9th, at the same special term at Elizabethtown.

April 9, 1936. Defendant's motion for change of venue and plaintiff's cross-motion to retain venue in Essex county both heard by Mr. Justice Alexander of the Supreme Court at Elizabethtown in Essex County, N. Y.

April 9, 1936. Defendant's motion for change of venue denied. Plaintiff's cross-motion to retain venue in Essex county granted. Defendant ordered to answer plaintiff's complaint by April 15, 1936.

April 11, 1936. Defendant appealed to the Appellate Division from Mr. Justice Alexander's order denying its motion for change of venue and granting plaintiff cross-motion.

April 13, 1936. Defendant obtained an order to show cause for a stay pending appeal to the appellate division from Mr. Justice Schenck of the Third Judicial District, with residence at chambers in Albany, N. Y.

The order to show cause extended defendant's time to answer or otherwise move with respect to plaintiff's complaint until ten days after hearing and determination of the motion for a stay. This order to show cause was served on the plaintiff's attorney April 14th and was returnable before Mr. Justice Bergen, at a term of the Supreme Court, Albany County, N. Y., on April 24, 1936.

April 20, 1936. Order to show cause argued and opposed by plaintiff on the ground that that court had no jurisdiction and alleging the order to show cause was obtained in violation of rules 63, 87, and 88 of the Rules of Civil Practice and was not returnable in the judicial district in which Essex county is located nor any adjoining county.

April 29, 1936. While the motion was pending undetermined before Mr. Justice

Bergen, defendant brought application for removal of this cause to the federal court in the Northern District, returnable before the Supreme Court of the State of New York at Schenectady, N. Y., in the Fourth Judicial District.

On May 1, 1936, the argument was postponed until May 6, 1936, by consent.

May 5, 1936. Plaintiff moved in the Appellate Division to dismiss the defendant's appeal for failure to prosecute said appeal.

May 6th. Application for removal heard by Mr. Justice Lawrence at Schenectady. Certified copy of the application, bond, and record have since been filed with the clerk of this court. .

May 12th. Mr. Justice Lawrence handed down a memorandum denying defendant's application to remove the cause to the federal court.

May 13th. Appellate Division entered an order dismissing defendant's appeal.

May 13th. Decision of Mr. Justice Bergen denying defendant's motion for stay pending appeal and denying defendant's motion for extension of time to answer or otherwise move and also denying plaintiff's attorneys application to vacate the stay contained in Mr. Justice Schenck's order of April 13, 1936. All on the ground that no justice of the Supreme Court in the Third Judicial District had the power to grant such a motion by reason of subdivision 1 of rule 63 of the Rules of Civil Practice; that said motion must be made in the Fourth Judicial District or in a county adjoining Essex county. All such decisions were without prejudice to like motions in the Fourth Judicial District, and so far as vacating the extension of time to answer without prejudice to an application to Mr. Justice Schenck or to the court in the Fourth Judicial District.

May 14, 1936. Plaintiff moved by order to show cause for an order vacating and setting aside the stay of proceedings .and extension of time to answer granted the defendant by Mr. Justice Schenck at Albany on April 13th, on the ground that the defendant had obtained said order to show cause and extension of time in violation of rules 63, 87, and 88 of the Rules of Civil Practice, pursuant to the decision of Mr. Justice Bergen. This order to show cause was returnable May 21, 1936, at Lake George, Warren county, in the Fourth District.

May 20, 1936. This court granted this order returnable June 8th at Albany, requiring the plaintiff to show cause why he should not be enjoined and restrained from taking any further proceedings in this action in the Supreme Court of the State of New York unless and until this cause should be remanded to this court, and stayed all proceedings in that court until the determination of this motion.

May 21st. The said order of this court was served May 21, 1936, upon the parties and the argument set for that day on the order to show cause before the N. Y. State Supreme Court at Lake George, N. Y., did not take place and there was no hearing thereon.

May 25, 1936. Plaintiff by cross-motion moves this court to remand its cause to the said Court on 12 specific counts.

If this cause has been properly removed to this court, then the defendant's motion for stay of proceedings in the state court should be granted and plaintiff's motion to remand should be denied. If this cause has not been properly removed to this court, or if, upon the facts, it should be remanded to the state court, then defendant's motion to stay the proceedings in the state court must be denied.

The main considerations which control the decisions in this case are:

(1) Was the defendant a foreign corporation having the right to apply for removal of this case to the federal court?

(2) Was petition for removal and bond presented in time?

(3) Is the decision of the state court, in refusing to remove the cause to this court, binding on this court?

Plaintiff's contention relative to No. 1, that a foreign corporation becomes a resident of the state of New York for purposes of suit in federal as well as state courts upon compliance with state statutes, is untenable. Southern R. Co. v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078; St. Louis & S. F. R. Co. v. James, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802; Missouri Pac. R. Co. v. Castle, 224 U.S. 541, 32 S.Ct. 606, 56 L.Ed. 875; Wachtel v. Diamond State Engineering Corporation, 215 App.Div. 15, 213 N.Y.S. 77; Maisch v. City of New York, 193 N.Y. 460, 86 N.E. 458.

■ For purposes of the jurisdiction of federal courts a corporation organized in another state is a resident of that state and

does not lose the diversity of citizenship upon removal proceedings because it is also authorized to do business in the state of New York.

The plaintiff hardly questions the right of removal if section 72 is complied with. In its brief (page 5) plaintiff says: "The right of the defendant to remove this cause is not questioned in the application, provided the procedure required by section 72 of the U.S.C.A. [title 28] is followed." The contention of the plaintiff is that it was not followed.

Removal of causes where the defendant is a nonresident of the state in whose court the action is brought is governed by 28 U.S.C.A. § 72 (Judicial Code § 29).

This section provides that such defendant, to remove the cause from the state to the federal court, "may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond. * * * It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit."

Plaintiff asserts (2) that defendant did not apply for removal within the time limit in section 72. He also refers to the alleged failure of the defendant to advise the court of all the proceedings had in this action to the date of the application and because of dilatory tactics, thereby forfeiting the "interposition of the equity powers of this Court."

Clearly the defendant did not apply for removal within the 20 days allowed for hearing the complaint.

■ In some jurisdictions this has been held to be fatal, but since the requirements of the laws and court rules of New York make liberal provision for extensions of time to answer by order of the court or by stipulation, it has been uniformly decided by the federal courts in this state for many years that application for removal within the extended time is compliance with section 72, supra. Mayer v. Ft. Worth & D. C. R. Co. (C.C.) 93 F. 601; Groton B. & M. Mfg. Co. v. American Bridge Co. (C.C.) 137 F. 284, and many others, some of the latest being:

Glauber v. Lehigh Valley R. Co. (D.C.) 8 F.Supp. 347; Anthony, Inc., v. National B. Co. (D.C.) 8 F.Supp. 346.

Rules 87 and 88 of the Civil Practice Rules of the State of New York provide for extension of time to answer. Rule 87 reads: "Additional Extension of Time to Plead. Where the time to serve any pleading has been extended by stipulation, or order, no further extension shall be granted by order, unless at least two days' notice of the application therefor has been given to the adverse party." Rule 88 reads: "Affidavit on Extension of Time to Answer or Reply. A defendant's time to answer, or a plaintiff's time to reply to a counterclaim, shall not be extended unless the party applying for the same shall present an affidavit showing merits in support of such extension."

■ The complaint was served March 6, 1936, and the time to answer expired March 28, 1936.

On March 23d, defendant obtained the order to show cause why the place of trial should not be changed to Kings county, apparently returnable April 9, 1936, at Elizabethtown, and in the order to show cause, the time to answer was extended until ten days after the determination of the motion.

On April 9, 1936, the defendant's motion to change the place of trial was denied and the ten days cut to six days by the order denying the motion. That would be April 15th.

Before April 15, 1936, viz., April 13, 1936, defendant obtained the order to show cause why proceedings should not be stayed pending appeal and extending the time to answer until ten days after the determination of the application for a stay. The return day was April 24th at Albany.

There had been a previous extension of time to answer but two days' notice of this extension was not given as required by rule 87.

The defendant contends that the show cause order granted by a justice of the Supreme Court at Albany on April 13, 1936, requiring defendant to show cause, before a special term at Albany, why a stay should not be granted pending appeal to the Appellate Division and extending the time to answer until ten days after determination of the application, was valid until vacated and had the effect of extending the time to answer.

Assuming that rule 87 was not complied with and the court was without jurisdiction, this contention is based upon the proposition that the cause was in the Supreme Court of the state and that any judge thereof, wherever located, has power to grant such an order to show cause and to extend the time to answer and that such order is valid until vacated.

Rule 60 of the Rules of Civil Practice, upon which defendant relies, warrants no such construction but applies only to courts and judges who are authorized to act in the cause before the court.

Rule 63 and subdivisions 1 and 6 are the applicable provisions. They provide that the motion must be made in the judicial district in which the action is pending or in a county of another district adjoining the county where the action is triable.

Albany county is in another district but does not adjoin Essex county. Hence the judge of the Supreme Court holding in Albany County has no jurisdiction to entertain any motion in the action in question nor to grant an order to show cause or any other order.

The authorities holding an order erroneously made by a judge or court to be valid until vacated apply only to courts or judges which have jurisdiction generally to hear motions or to grant orders to show cause.

Defendant's cases do not support defendant's contention. Such are: Goldreyer v. Foley, 154 App.Div. 584 587, 139 N.Y.S. 190; Matter of Landau, 230 App.Div. 308, 243 N.Y.S. 732; Sponenburg v. City of Gloversville, 96 App.Div. 157, 89 N.Y.S. 19; Belasco Co. v. Klaw, 98 App.Div. 74, 90 N.Y.S. 593; Glauber v. Lehigh Valley R. Co. (D.C.) 8 F.Supp. 347.

When the order to show cause was returnable at Special Term at Albany, the denial of the motion was substantially because of lack of jurisdiction.

The decision was handed down at Albany May 13th. The judge held that in substance he could not act. On the same day the Appellate Division dismissed the appeal. On the very next day, May 14, 1936, plaintiff moved at a Special Term in the Fourth Judicial Department to vacate the extension, but before the return day, this court granted a stay of all proceedings in the state court. Richmond v. Josephthal, 203 App.Div. 281, 196 N.Y.S. 571, by reasonable inference, supports the view here expressed that the judges at Albany had no jurisdiction to extend the time to answer.

In the latter case it should be noted that Albany county in the Third Judicial District adjoins Saratoga county in the Fourth District, in which county the action was laid.

The appeal to the Appellate Division was apparently for purposes of delay. The appeal was taken on April 11, 1936, despite the fact that the Appellate Division had on March 17, 1936, decided in favor of the same plaintiff an apparently exactly similar appeal upon the same grounds by another insurance company defendant from a like order denying change of place of trial from Essex county to Kings county.

It follows, therefore, that the extension of time to answer contained in the order to show cause granted April 13, 1936, was invalid and did not have the effect of extending the time to answer.

The time to answer, therefore, expired either April 15th, under Judge Alexander's order, or at least by April 19th, as provided in Judge McLaughlin's order.

Since application for removal and approval of bond was not made until April 29, 1936, it was too late, because made after the expiration of all validly extended times to answer.

In this view of the applicable law it is not necessary to discuss the question of the power of the State Supreme Court judge to pass on the validity of the removal proceedings.

The conclusion is that the cause was not validly removed to this court.

The parties have indulged in some spirited correspondence addressed to the court relative to notice of proposed amendments to complaint to be made upon the trial, which notice was given after this motion was submitted. The notice of motion was entitled in the federal court.

The defendant claims that such notice of amendment constitutes a recognition that the cause has been properly removed to this court. Plaintiff contends that it was agreed that such notice of motion might be made without prejudice to the motions now pending in this court.

The stipulations submitted are extensions of time to amend the answer, are entitled in the court, and expressly say that such extension shall be "without prejudice to the motions now pending in this Court."

320

Though there are no written stipulations, the plaintiff asserts the same agreement obtained as to plaintiff's notice that upon the trial, he would move to amend his complaint in certain particulars.

The transactions out of which these extensions and notices arose were all after the submission of this motion and are not properly a part of the motion papers.

This court would be loath to conclude that without at least a supposed understanding the plaintiff would do an act which unexplained and unqualified indicates recognition that the case has properly been removed to the federal court despite the strenuous opposition of plaintiff.

The statutory time for removal having passed, the right to remove cannot be revived except by an express extension of time to answer or by an express agreement that the default in time was waived. The correspondence shows neither of these express agreements if it were properly to be considered on this motion.

However, since this court holds herein that defendant did not attempt to remove the cause to this court within the statutory time, it is not necessary to further consider the effect of the notice of amendment to the complaint.

Perhaps the matter may be most effectively handled by an order to remand the cause to the Supreme Court. Such an order is granted. All orders restraining the parties in the state court should be vacated.

Orders may be entered in accordance herewith.