THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Appellant, against STATE TAX COMMISSION, Appellant-Respondent, and CITY OF NEW YORK, Intervener, Respondent. JAMES J. MCGUINESS, as Referee, Respondent.

Fourth Department, November 12, 1952.

*Gerald E. Dwyer, Clyde Brown, Jr.,* and *L. P. Gagliardi* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Edward J. Grogan, Jr.,* and *George A. Radz* of counsel), for appellant-respondent.

*Denis M. Hurley*, Corporation Counsel (*Morris Handel* of counsel), for intervener, respondent.

*Ralph S. Leonard* and *H. E. Blodgett* for referee, respondent.

·*Per Curiam.* In this certiorari proceeding, brought to review special franchise tax assessments on certain of the relator's properties in the city of New York, the parties thereto entered into a stipulation in which it was provided that the Referee's fees and disbursements " shall be fixed by the Court." After the conclusion of the hearings and the signing of his opinion and report, but prior to filing the same, the Referee applied for and obtained, ex parte from a Justice of the Appellate Division, Third Department, an order fixing his fees in the amount of $175,000 and disbursements. Concededly, this Justice was without jurisdiction to grant an order " by the court," or exercise " any of the powers of a justice of the supreme court, other than those of a justice out of court." (N. Y. Const., art. VI, § 2; *Owasco Lake Cemetery Co.* v. *Teller,* 110 App. Div. 450.) However, the constitutional limitation becomes unimportant in this case because of the concession upon the argument that the order in question was not a court order but, rather, an order signed by a " justice out of court."

It is apparent that this application to a Justice in chambers did not conform to the clear and specific provision of the stipulation, in which the word " court " was, we believe, in view of section 1545 of the Civil Practice Act, advisedly selected for the purpose of differentiating the procedure agreed upon from that authorized by the statute.

Furthermore, and regardless of the interpretation of " Court " as used in the stipulation, we feel that relator's substantial interest in the Referee's fees, for which it may be ultimately liable, would, in any event, require that relator be granted the opportunity to be heard thereon. (See 60 C. J. S., Motions and Orders, § 15; 1 Carmody on New York Practice, § 362; Civ. Prac. Act, § 115, subd. 3; *Goldreyer* v. *Foley,* 154 App. Div. 584, and *Matter of City of New York* v. *Every,* 231 App. Div. 576.)

The order, insofar as it denies relator's motion to vacate the ex parte order fixing the Referee's fees, should be reversed on the law, with $10 costs and disbursements, and the motion to this extent granted, with $10 costs.

All concur, VAUGHAN and KIMBALL, JJ., in result only, on the ground that the order fixing the Referee's fees was void and

that the Referee had no authority to make the application, not being a party to the proceeding.

Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order insofar as it denies the motion to vacate the ex parte order fixing Referee's fees reversed on the law, with $10 costs and disbursements and motion granted to that extent, with $10 costs. As to that part of the order which denies the motion to vacate and set aside the appointment, report, and opinion of the Referee, decision withheld awaiting the main appeal.