DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## January, 1888.

---

## MARGARET KING, Respondent, v. THE WATERTOWN FIRE INSURANCE COMPANY, Appellant.

*A condition limiting the time within which an action must be brought upon a policy of fire insurance — when the time begins to run from the time the fire occurs — a payment made to a mortgagee of his interest in the policy is not a waiver of the condition as to the owner.*

This action was commenced on May 17, 1884, to recover the loss sustained by the plaintiff in the destruction, by a fire which occurred on March 26, 1883, of a house, and personal property therein, which were owned by her and insured by the defendant. The policy contained a condition by which it was expressly provided "that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and should any suit or action be commenced against this company, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim."

*Held,* that the year within which the action must be brought commenced to run from the day on which the fire occurred, and not, as the plaintiff claimed, from the expiration of the sixty days given the company in which to make payment after service of the proofs of loss.

*Steen* v. *Niagara Fire Insurance Company* (89 N. Y., 315) distinguished and *Schroeder* v. *Keystone Ins. Co.* (2 Phil. 286), followed.

HUN—VOL. XLVII     1

After the issuing of the policy, which contained the usual provision rendering it void in case the property insured should become encumbered by mortgage, judgment or otherwise, which was not indorsed on the policy, three judgments, one by confession, were recorded against the plaintiff and the plaintiff also executed and delivered to one Dunn a mortgage upon the premises, and the agents of the defendant, under date of May 19, 1882, indorsed upon the mortgage the following: "Payable, in case of loss, to John Dunn, mortgagee, as his mortgage interest may appear." It was alleged in the complaint, and not denied in the answer, that since the loss, and in or about the month of April, 1884, the defendant paid to Dunn, the mortgagee, the sum of $112, being the full amount, and in satisfaction, of Dunn's interest in the policy of insurance, as mortgagee.

*Held*, that the referee erred in holding that the payment of this sum to Dunn was a waiver of the condition requiring the action to be commenced by the plaintiff within twelve months after the fire occurred.

APPEAL from a judgment in favor of the plaintiff, entered in Livingston county upon the report of a referee.

*A. H. Sawyer*, for the appellant.

*Daggett & Horton*, for the respondent.

HAIGHT, J.:

This action was brought upon a policy of insurance issued by the defendant upon a dwelling-house and personal property contained therein, which had been destroyed by fire on the 26th day of March, 1883. This action was commenced on the 17th day of May, 1884, more than a year afterwards. The policy contained the following condition : " It is hereby expressly provided, that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim." No question is made, but that the foregoing condition is binding upon the parties. Its validity is well settled. (*Steen* v. *The Niagara Fire Ins. Co.*, 89 N. Y., 315, 321; *Wilkinson* v. *First Nat. Fire Ins. Co.*, 72 id., 499 ; May on Insurance, § 478.) It is contended, however, that the year did not commence to run

until after the expiration of the sixty days given the company in which to make payment after service of the proofs of loss, which was made on the 23d day of May, 1883.

In the case of *Steen* v. *Niagara Fire Insurance Company* (*supra*), the policy contained a similar condition, except that it provided that the suit or action shall be commenced within twelve months next after such *loss or damage shall have occurred*. In that case it was held that the words " after such loss or damage shall have occurred " did not limit it to the time of the fire; but DANFORTH, J., in delivering the opinion of the court, says : " No doubt the appellant could have stipulated that the time of the fire should be looked to as the event, from the happening of which the limitation should run. But it would require distinct language to show that such was the intention of the parties. It is not used here. It is found in *Schroeder* v. *Keystone Insurance Company* (2 Phil., 286)." In that case the provision was " that no suit or action at law or in equity shall be maintainable against the company upon or by virtue of this policy, unless the same shall be brought within six months from the time of the loss or damage by fire, and after the expiration of six months from *such fire* such lapse of time shall be conclusive evidence against the validity of any claim under this policy." So that, whilst the words " after such loss or damage shall have occurred " are not sufficient to limit the time to that of the fire, the words quoted from *Schroeder* v. *Keystone Insurance Company* are sufficient. In the case under consideration the words are even more explicit. They are, as we have seen, that the suit or action shall be commenced within twelve months *next after the fire shall have occurred*. We can conceive of no words that would make it any more definite or certain, and consequently must agree with the referee that the year commenced to run from the date of the fire.

It is contended, however, and the referee has so found, that there has been a waiver of this condition. There is no doubt but that any act or conduct on the part of the insurance company indicating an intention to waive a forfeiture, occurring subsequent to the breach of a condition, would constitute a waiver. (*Brink* v. *Hanover Ins. Co.*, 80 N. Y., 108.)

The only question, therefore, is as to whether or not there has been anything done indicating an intent to waive this condition.

The policy was issued on the 17th day of August, 1880, for three years. It insured Michael and Margaret King to the amount of $400, on real and personal property. Three hundred dollars on their frame dwelling-house and $100 on their household furniture, provision and wearing apparel therein. It contained the condition " That if this policy shall be continued by renewal, it shall be considered as continued under the original representations; and that any change in the risk not made known to this company at the time it is so continued shall render this policy void ; or if the property hereby insured, either real or personal or any part thereof, be or shall become incumbered by mortgage, judgment or otherwise and not so stated in the written application or indorsed in writing on the policy, this policy and every part thereof shall be void." Subsequeutly three judgments were obtained against Margaret King, the plaintiff herein, which had become liens upon the premises insured, one of which judgments was entered upon her confession. Thereafter she executed and delivered to one John Dunn, a mortgage upon the premises, and the agents of the defendant, under date of May 17, 1882, indorsed upon the policy the following : " Payable, in case of loss, to John Dunn, mortgagee, as his mortgage interest may appear." The complaint alleges that since the loss and in or about the month of April, 1884, the defendant paid to John Dunn, the mortgagee, the sum of $112, being the full amount, and in satisfaction of Dunn's interest in the policy of insurance as mortgagee. This allegation is not denied by the answer and therefore stands admitted. The referee has found this fact in accordance with the allegation of the complaint, and then as a conclusion of law that it is a waiver of the condition requiring the action, on the part of the plaintiff, to be commenced within twelve months after the fire shall have occurred. In his opinion he states that the payment was voluntary but he does not so find in his report, neither was it so alleged in the complaint. If a payment in part of the loss had been made to the plaintiff, there would be force in the conclusion of the learned referee. Whilst ordinarily whatever avoids the policy as to the insured avoids it as to the mortgagee, there are exceptions to the rule. In this case the appellant insists that the recovery of the judgments, and especially the one that was entered by confession, avoids the policy

as to the plaintiff. Without stopping to consider whether or not this claim is well founded ; no such claim can be urged as against the mortgagee, for by an indorsement made upon the policy by the defendant's duly authorized agents after the recovery of these judgments and the breach of the condition, if there was a breach, the mortgagee was insured to the extent of his mortgage. The company, therefore, had the right to settle with and pay the mortgagee and litigate with the plaintiff, as to the balance, the question as to whether she could recover under the condition avoiding the policy in case the premises should become incumbered by judgment or otherwise. The appellant, in its brief, states that it is not a fact that the payment was voluntary ; that the mortgagee brought an action shortly after the fire occurred for the amount his due under the policy and recovered a judgment thereon, and that it was this judgment that was paid by the company ; but this fact does not appear upon the record and the question of payment · must stand upon the allegation of the complaint which, as we have seen, does not allege that it was voluntary ; and under the circumstances we are of the opinion that it does not make any difference whether it was or not. This conclusion may result in a ´ loss to the plaintiff, but we are unable to see any escape from it. The payment to the mortgagee not indicating an intention to waive the forfeiture as to the plaintiff, the judgment must be reversed, and a new trial ordered before another referee, with costs to abide the event.

BARKER and BRADLEY, JJ., concurred.

Judgment reversed, and new trial ordered before another referee, costs to abide event.