BETTS v. DE SELDING et al.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. PARTIES—ASSIGNMENT—DEATH OF PLAINTIFF—CONTINUANCE BY REPRESEN-
TATIVE.

Code Civ. Proc. § 757, provides that on the death of a sole plaintiff, if the action survives, the court must allow the action to be continued by his representative. Section 756 provides that on a transfer of interest the action may be continued by the original party. The Code provides that an action must be brought by the real party in interest. *Held*, that where the assignee of a claim for work and labor, after commencing an action thereon, assigned the claim and subsequently died, it was proper to continue the action in the name of the administrator of the first assignee.

2. SAME—SUBSTITUTION—NOTICE TO ASSIGNEE.

Code Civ. Proc. § 756, provides that in case of a transfer of interest the action may be continued by the original party, unless the court directs the assignee to be substituted or joined. *Held*, that an assignee cannot be substituted under the statute without notice to him.

Appeal from Special Term, New York county.

Suit by Carmi F. Betts against Hermann De Selding and another. From an order reviving the action in favor of plaintiff's administrator, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

E. F. Hills, for appellants.

Sol. Kohn, for respondent.

INGRAHAM, J. This action was brought to recover the sum of $5,000 for services rendered by one Trimble to the defendants, Trimble having assigned his claim to the plaintiff. The plaintiff died, whereupon this application was made to revive the action in favor of his administrator. The case comes within section 757 of the Code of Civil Procedure, which provides that "in case of the death of a sole plaintiff, * * * if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest." In opposition to this motion, however, the defendants allege that prior to his death the plaintiff had assigned the cause of action and right to recover to Trimble, in whose favor it had originally accrued, and who had assigned it to the plaintiff before the commencement of the action.

While it might be that, upon these facts, upon notice to Trimble and to the plaintiff's administrator, the court would have been justified in substituting Trimble for the plaintiff, and continuing the action in his name, the continuance of the action in the name of the administrator of the plaintiff was expressly authorized by section 757 of the Code. The fact that the plaintiff had assigned the cause of action to Trimble after the commencement of the action, and that after such assignment the plaintiff continued the action for Trimble's benefit, would not prevent the action from being continued by plaintiff's representative, or be a bar to the plaintiff's right to recover.

The plaintiff would then maintain the action as trustee for Trimble. The provision of the Code that an action must be brought by the real party in interest does not prevent an action being continued in the name of an assignor after an assignment of the cause of action for the benefit of an assignee. Section 756 of the Code provides that in case of a transfer of interest the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted in the action, or joined with the original party, as the case requires. The plaintiff, having been the owner of this claim when the action was brought, was entitled to prosecute it to judgment, and that right passed to his administrator upon his death. The court would not have been justified in substituting Trimble as the plaintiff in the action, as he was not before the court. The action should, therefore, be continued in the name of the administrator of the plaintiff, unless the court directs Trimble to be made a party, and such direction can only be made where Trimble has notice of the application.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.