(86 App. Div. 94.)

### BECKER v. STUDEMAN.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. JUDGMENTS—COLLATERAL ATTACK.

     An action of ejectment and an action in equity to settle a disputed boundary line between the same parties were both brought about the same time, and both referred to the same referee, who, after trial of the equitable action, found a line which was accepted by the plaintiff therein, and a decree was entered definitely establishing the line as found. *Held*, that any error committed by the referee could not be corrected by a collateral attack in the action of ejectment.

Appeal from Judgment on Report of Referee.

Ejectment by John C. Becker against Frederica Studeman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Thomas H. Larkins, for appellant.
Elton D. Warner, for respondent.

ADAMS, P. J. The parties to this action are the owners of adjoining premises situate upon Lion street, and south of the intersection of Seventh street and Lion street, in the city of Dunkirk, and this action is ejectment to recover possession of a strip of land substantially two feet in width along the south line of the plaintiff's premises.

It seems that, a dispute having arisen respecting the dividing line between the premises of the respective parties, the defendant herein brought a suit in equity to establish such line, and upon the trial thereof it was made to appear that the disputed line, in all the conveyances upon which the plaintiff's title rested, was located 134 feet south of the intersection of Seventh and Lion streets, whereas it was claimed by her that it should have been but 128 feet from such intersection. The present action was commenced at about the same time as the suit in equity, and both actions were referred to the same referee, who, after a trial of the equitable action, found that there was a mistake in the description of the line in question, and that the same, instead of being 134 feet south of the corner of Seventh and Lion streets, was but 132 feet and one-half inch therefrom. The plaintiff in that action accepted the conclusion of the referee, and entered a judgment in accordance therewith, which definitely established the disputed line at the location named. Upon the trial of the present action the judg-

ment roll in the equitable action was received in evidence, and, after hearing additional testimony, the referee found in favor of the plaintiff, awarding him possession of the strip two feet and one-half inch in width next north of the line as located and established in the equitable action.   It is now insisted by the defendant's counsel that the conclusion reached by the referee in the equitable action and the judgment entered thereon were erroneous, in that the line in dispute should have been located one foot north of the northerly line of a barn upon the defendant's premises; that such error was the result of a mistake upon the part of the referee; and that, if the same were corrected so as to accord with the referee's intention, and a new line established, it would embrace the premises awarded to the plaintiff in the present action.

This brief statement of the facts is, in our opinion, sufficient to dispose of the present appeal; for it is hardly necessary to suggest that any error committed by the referee in the equitable action cannot be corrected by a collateral attack.   Audubon v. Excelsior Ins. Co., 27. N. Y. 216–221; Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084. Either an appeal should have been taken from the judgment in the equitable action, or a motion made to open the same for the purpose of having the mistake corrected; and, inasmuch as the defendant has seen fit to adopt neither of these remedies, it is fair to assume that she was quite content with the judgment entered by her attorney, and as both actions were tried before the same referee, who could not have reached the conclusion he did in the present action if he had been convinced of the commission of the alleged error in the former action, it must be further assumed, we think, that the defendant's contention is not well founded.   But, however that may be, it is sufficient, so far as this appeal is concerned, to say that for obvious reasons the defense relied upon is not available to the defendant in the present action. The judgment appealed from should therefore be affirmed.

Judgment affirmed, with costs.   All concur.