LOUIS SZIRTES, Appellant, *v.* NAT BLY (Also Known as NAT
BIERENBACH) and ELSIE BLY (Also Known as ELSIE
BIERENBACH), Respondents, Impleaded with DRY DOCK
SAVINGS INSTITUTION and MORTON LEVY, Defendants.

First Department, December 6, 1918.

**Banks and banking — action against savings bank to recover deposits
— validity of order of interpleader requiring amendment of sum-
mons and supplemental complaint granted without notice to
individual defendants who had answered — service of supple-
mental complaint upon said defendants — effect of error in exer-
cise of jurisdiction where court has jurisdiction of both parties
and subject-matter.**

Where, in an action against a savings institution and individual defendants
to recover a sum on deposit, said institution after issue was joined by
service of an answer by the individual defendants procured an order
pursuant to section 250 of the Banking Law requiring the summons
to be amended and a supplemental complaint to be served, said order is
not rendered void because made without notice to the individual defend-
ants, even though they were entitled to such notice, but is merely voidable,
and it is not prejudicial to the rights of said individual defendants to
serve them with a copy of the supplemental complaint.

Until such order is vacated, it must be obeyed and cannot be collaterally
attacked.

Where it appears upon the face of a judgment or order that the court, being
one of general jurisdiction, has not jurisdiction either of the person or the
subject-matter, it is a nullity and may be disregarded or collaterally
impeached by any person interested whenever it is brought in question.
When, however, the court has jurisdiction of the parties and subject-
matter, no error in the exercise of the jurisdiction can make the judgment
or order void. In such a case the judgment or order, although irregular
in form, erroneous or mistaken in law, or granted without observance
of the rules of procedure and practice, is conclusive and must be obeyed
as long as it remains in effect; that is, until vacated on motion or reversed
on appeal.

APPEAL by the plaintiff, Louis Szirtes, from an order of the
Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York
on the 3d day of October, 1918, denying a motion that the
attorney for the defendants Bly be required to accept and
receive a supplemental complaint herein.

*Abraham H. Sarasohn,* for the appellant.

*Joseph M. Baum* of counsel [*Mork & Baum,* attorneys], for the respondents.

PAGE, J.:

The action was originally commenced against the defendants Bly and Dry Dock Savings Institution to recover the sum of money on deposit with the said Dry Dock Savings Institution. After issue was joined by the service of the answer of the defendants Bly, the defendant Dry Dock Savings Institution procured an order from one of the justices of this court at Special Term, Part II, pursuant to section 250 of the Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369), which provides as follows:

" In all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending, may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, and without proof as to the merits of the claim, make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds.   The remedy provided in this section shall be in addition to and not exclusive of that provided in section eight hundred twenty of the Code of Civil Procedure."

The order was made *ex parte* upon the consent of the attorney for the plaintiff and the attorney for the claimant, but without notice to the defendants Bly.   The order required that the summons be amended and the supplemental complaint be served upon the claimant or his attorney within ten days after the service of a copy of the order.

The plaintiff's attorney served a copy of the supplemental complaint upon the attorneys for the defendants Bly.   They returned the same with a notice that it was returned on the ground that the time to serve has long since expired.   The plaintiff's attorney thereupon made this motion.   The motion was denied by the learned judge at Special Term, on the

ground that the order directing the service of the supplemental complaint was a nullity as to the defendants Bly, because made without notice of application therefor.

The sole question presented by this appeal is, therefore, whether the order was void or merely voidable. The general rule is that where it appears upon the face of a judgment or order that the court, being one of general jurisdiction, has not jurisdiction either of the person or the subject-matter, it is a nullity and may be disregarded or collaterally impeached by any person interested whenever it is brought in question. When, however, the court has jurisdiction of the parties and subject-matter, no error in the exercise of the jurisdiction can make the judgment or order void. In such a case the judgment or order, although irregular in form, erroneous or mistaken in law, or granted without observance of the rules of procedure and practice, is conclusive and must be obeyed as long as it remains in effect; that is, until vacated on motion or reversed on appeal. (*Goldreyer* v. *Foley*, 154 App. Div. 584, 586; *Pinckney* v. *Hagerman*, 4 Lans. 374; *Becker* v. *Studeman*, 86 App. Div. 94; affd., 180 N. Y. 548; *Audubon* v. *Excelsior Ins. Co.*, 27 id. 216, 221; *Stannard* v. *Hubbell*, 123 id. 520, 526, 527.)

In the instant case the court clearly had jurisdiction both of the parties and the subject-matter. The order was made in an action pending in the court in which the defendants Bly had appeared and answered. If the defendants Bly were entitled to notice of the application for the order, which we do not decide as that question is not now before us, a failure to give notice would be merely an irregularity in practice, which could have been cured by a proper application to the judge who granted the order or to the court. Until the order was thus vacated, it had to be obeyed and could not be collaterally attacked. The correct practice was followed in the case of *Fleischmann* v. *Bennett* (79 N. Y. 579), relied upon by the justice at Special Term.

Although the order did not require the service of the supplemental complaint upon the defendants Bly, they having appeared in the action by attorneys were entitled to receive copies of all the papers in the action and certainly it was not prejudicial in any way to their rights to serve them with a

copy of a supplemental complaint. They should have accepted the same and then made their motion if they were so advised as hereinbefore indicated.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.