MICHAEL MURRAY, Father of MARTIN MURRAY, Deceased, and MICHAEL MURRAY, in His Own Right, Appellant; v. NEW YORK, ONTARIO AND WESTERN RAILROAD COMPANY, Respondent.

First Department, November 9, 1934.

*Alexander Orr* of counsel [*T. J. Gillen* and *A. L. Casey*, attorneys], for the appellant.

*Watts, Oakes & Bright*, for the respondent.

O'MALLEY, J. Upon the death of a sole plaintiff in an action predicated upon a foreign statute which gives a right to designated persons to sue for injuries resulting in death through defendant's negligence, may there be a revivor and a renewed prosecution of the action after the expiration of the statutory period of limitation by one not originally joined, but who should have been joined under the foreign statute, or should the action be deemed abated and dismissed?

This action was instituted by one Michael Murray to recover damages for the death of his son Martin resulting from injuries received in the State of Pennsylvania through defendant's alleged negligence.

The Pennsylvania statutes (Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309, and June 7, 1911, P. L. 678) provide for the recovery of damages for negligently causing injuries resulting in death. The persons entitled to recover damages " shall be the husband, widow, children, or parents of the deceased, and no other relatives, and the sum recovered shall go to them in the proportion they would take * * * in case of intestacy." (Purdon's Penn. Statutes Annotated, tit. 12, § 1602.) A one-year Statute of Limitations is provided.

While the present action was pending in the name of the father alone and after the expiration of the one-year period of limitation, the father died. A motion was then made for an order substituting the mother, Mary Murray, as party plaintiff. Defendant made a counter-motion to dismiss on the ground that the action had abated and could not be revived. The Special Term denied plaintiff's motion and granted defendant's.

We are of opinion that the orders appealed from should be reversed. The Pennsylvania statute is not repugnant to our law, and comity, therefore, should be extended. (*Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Loucks* v. *Standard Oil Co.*, 224 id. 99; *Wikoff* v. *Hirschel*, 258 id. 28.)

In transitory actions of this nature the general rule is that matters of substantive law are controlled by the *lex loci delicti*, while procedural matters are governed by the *lex fori*. (Restatement of the Law of Conflict of Laws, § 612, Proposed Final Draft No. 2; *Wooden* v. *W. N. Y. & P. R. R. Co., supra; Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Spokane Inland R. R.* v. *Whitley*, 237 U. S. 487.) The *lex fori* determines what is matter of procedure and what of substance. (Restatement of the Law of Conflict of Laws, § 613, Proposed Final Draft No. 2.)

The question as to who obtains the right to sue under a statute of this kind is one of substantive law and, therefore, to be decided by the law of Pennsylvania. The question of the nature of the right, whether personal or representative, is also to be determined by the same law. The parties enumerated in the statute are the ones to sue. In the case of parents, both should be joined. (*Pennsylvania R. R. Co.* v. *Zebe*, 37 Penn. St. 420; *Waltz* v. *Pennslvania R. R. Co.*, 216 id. 165, 171.)

It seems clear, therefore, that the present action should have been instituted in the names of both parents. But the question now to be determined is whether, after the death of one, the other may be substituted.

The Pennsylvania courts have held that actions under the statutes here involved are representative ones, in that the parties entitled to sue do so not only for their own benefit but also for others mentioned in the statutes. The Pennsylvania decisions further hold, therefore, that when any one of the proper parties commences the action within the period of limitation, thereafter other proper parties may be substituted, even though the statute has then run. (*Huntingdon & Broad Top R. R. Co.* v. *Decker*, 84 Penn. St. 419; *Holmes* v. *Pennsylvania R. R. Co.*, 220 id. 189.) The latter case has been repeatedly cited in decisions relating to various causes of action, as typifying the kind of action where new parties may be added or eliminated after the Statute of Limitations has run. Reference to but one such authority will suffice (*Stefanson,* v. *Plymouth Borough*, 262 Penn. St. 206).

Our own courts early held that the right of action given under these Pennsylvania statutes was in form a representative one. (*Wooden* v. *W. N. Y. & P. R. R. Co., supra.*) Under the decisions of Pennsylvania and New York, therefore, the present cause of action in theory at least is representative. Our procedure is adequate to revive the action and add a new plaintiff. (Civ. Prac. Act, § 82 *et seq.;* §§ 105 and 192.)

The case relied upon by the defendant, *Kluchnik* v. *Lehigh Valley Coal Co.* (228 Fed. 880), should not be followed in view of

the decision in the *Huntingdon* and *Holmes Cases* (*supra*), and for the reasons above advanced.

It is true that in *Johnson* v. *Phœnix Bridge Co.* (*supra*), dealing with a death statute of the Province of Quebec, Canada, it was held that after the expiration of the period of limitation therein provided, new parties could not be added. This was on the theory that the Quebec statute did not authorize a representative action, but a personal one. It is to be noted that the Quebec statute provided that no more than one action could be brought on behalf of those entitled to the indemnity, which right went to the " consort *and* ascendant *and* descendant relation " (Civil Code of Lower Canada, § 1056) of the deceased. (Italics ours.)

The Pennsylvania statute provides that the persons entitled to recover shall be " the husband, widow, children *or* parents." (Italics ours.) The Pennsylvania statute is disjunctive. While so construing the Quebec statute, neither the opinion in the *Johnson Case* (*supra*) nor the head notes, setting forth points of counsel, give any citation of Quebec law so construing that statute. (But see *Sapone* v. *New York Central & H. R. R. R. Co.*, 130 Misc. 755.) As already pointed out, Pennsylvania and this State have long since construed the statutes here in question as giving a representative and not a personal right of action.

Whether the estate of the deceased father is entitled to share in any recovery (See Act of June 7, 1917, § 35, ¶ a, P. L. 447 [Purdon's Penn. Statutes Annotated, tit. 20, § 718]; and *Herzog* v. *Stern*, 264 N. Y. 379); whether that question is to be determined by our laws or those of Pennsylvania; and whether, if such right exists, by whom or in what manner it shall be enforced in our courts or whether it may be enforced, are questions not now presented. We, therefore, express no opinion as to them. The question of the sufficiency of the complaint because of failure to set forth the names of those entitled to share in any recovery is likewise not presented.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, the motion on the part of the plaintiff to bring in the mother as a party plaintiff granted, and the motion of the defendant to dismiss on the ground that the action had abated, denied.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Orders reversed, with twenty dollars costs and disbursements, and motion to bring in Mary Murray as a party plaintiff granted, and motion of defendant denied.