LAURENT VAN DER STEGEN, Doing Business under the Name of THE BELGIAN TRADING COMPANY, Appellant, and FREDERICK N. MATTHEWS et al., Copartners under the Firm Name of LOWE, BINGHAM & MATTHEWS, as Curators in Bankruptcy, Appellants and Respondents, *v.* NEUSS, HESSLEIN & Co., INC., Respondent and Appellant.

(Argued December 5, 1935; decided March 3, 1936.)

Robert H. O'Brien, Richard Jones and Oliver A. Pendar for plaintiffs, appellants and respondents. The Statute of Limitations is not a bar to the maintenance of the action. (Weldon v. United States, 65 Fed. Rep. [2d] 748; Johnson v. Phœnix Bridge Co., 197 N. Y. 316; Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262; Bowen v. Phœnix Bridge Co., 198 N. Y. 615; Murray v. N. Y., O. & W. R. R. Co., 242 App. Div. 374; Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S. 570; McDonald v. Nebraska, 101 Fed. Rep. 171; Green v. United States, 7 Ct. of Claims Rep. 496; Beresh v. Knights of Honor, 255 Ill. 122; Chesapeake & Ohio Ry. Co. v. Fish, 170 Ill. App. 359; United States Ins. Co. v. Ludwig, 108 Ill. 514; Chicago & Northwestern Ry. Co. v. Jenkins, 103 Ill. 588; Service v. Farmington Sav. Bank, 62 Kan. 857; Harlan v. Loomis, 92 Kan. 398; Hucklebridge v. A., T. & S. F. Ry. Co., 66 Kan. 443; Williams v. Missouri Valley Bridge & Iron Co., 111 Kan. 34; Merced Bank v. Price, 9 Cal. App. 177; Snider v. Dennis, 159 Ark. 231; Territory v. Cox, 3 Mont. 197; Clement v. Commonwealth, 95 Penn. St. 107; Carrigan v. Drake, 36 S. C. 354.)

Lowell Wadmond for defendant, respondent and appellant. The judgment should be reversed because the action was not brought within the six-year Statute of Limitations. (Gleason v. N. W. Mut. Life Ins. Co., 203 N. Y. 507; Brown v. Cleveland Trust Co., 233 N. Y. 399; Adrico Realty Corp. v. People, 250 N. Y. 29; Streeter v. Graham & Norton Co., 263 N. Y. 39; Shaw v. Cock, 78

N. Y. 194; *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Boyd* v. *U. S. Mortgage & Trust Co.*, 187 N. Y. 262; *Doyle* v. *Carney*, 190 N. Y. 386; *New York State Monitor Assn.* v. *Remington Agricultural Works*, 89 N. Y. 22; *Foster* v. *Central Nat. Bank*, 183 N. Y. 379; *Abbott* v. *N. Y., L. E. & W. R. R. Co.*, 120 N. Y. 652; *Bassett* v. *Fish*, 75 N. Y. 303; *Weil* v. *N. Y. C. R. R. Co.*, 235 N. Y. 570.)

CRANE, Ch. J. The judgment of the Appellate Division and of the Trial Term is affirmed. We desire to add our views upon the question of the Statute of Limitations.

This action is brought by the seller against the buyer to recover damages for breach of contract to purchase certain egg products. The contract was made between The Belgian Trading Company, the seller, and the defendant, Neuss, Hesslein & Co., Inc., a New York corporation, the buyer. The Belgian Trading Company is a trade name, the party in interest being the plaintiff, Laurent Van der Stegen. A contract of purchase was made between Laurent Van der Stegen, representing The Belgian Trading Company, and the defendant at its branch in Shanghai, China, on January 30, 1920. The defendant breached the contract on May 27, 1920, and upon the merits the plaintiff is entitled to judgment, for the reasons set forth in the opinion of the Appellate Division, (243 App. Div. 122.) Certain facts and proceedings, however, have raised the defense of the six-year Statute of Limitations pleaded by the defendant.

On June 20, 1920, Van der Stegen brought suit against the defendant in the United States court for China at Shanghai and recovered judgment in the sum of $171,239.49. The defendant appealed to the United States Circuit Court of Appeals for the Ninth Circuit, which reversed the judgment upon the sole ground that the United States court for China did not have jurisdiction over the person of the defendant. The merits of

the cause were not considered. The mandate of the Circuit Court of Appeals reversing the judgment was not entered until June 9, 1926. Thereafter the action in the United States court for China was dismissed by an order of that court entered July 29, 1926.

On February 16, 1926, the present action was commenced upon the same cause, viz., to recover damages for a breach of the contract mentioned. As the breach of contract gave rise to a cause of action on May 27, 1920, the six years within which to bring an action against the defendant would have expired on May 27, 1926. This action, therefore, brought by Van der Stegen was commenced three months and eleven days before the limitation took effect. While the prior action was pending in the United States courts, Van der Stegen was adjudicated a bankrupt by the Belgian Consular Court in Shanghai, and the coplaintiffs, styled Lowe, Bingham & Matthews, are the successor curators in bankruptcy. On September 10, 1926, a motion was made to substitute these curators in the present action, which was a little over three months in point of time after the expiration of the six-year Statute of Limitations, which commenced to run, as above stated, May 27, 1920. The appellant insists that the curators, or trustees in bankruptcy, should not have been brought into this action, as the Statute of Limitations had run against them, although the action itself was brought well within the time. The plea is based upon the assumption that the curators are assignees of any and all the rights of Van der Stegen, and that their claim is a separate, distinct and independent cause of action. This is too strict a construction to place upon our Statute of Limitations, for reasons which we shall attempt to state.

In the first instance, the motion to substitute was denied, but later, and on June 20, 1928, the Appellate Division reversed the denial and brought the curators in as added parties plaintiff. We think the appellant

has misunderstood the position and relationship of a receiver or trustee in bankruptcy, if we may take our Bankruptcy Law (U. S. Code, tit. 11) as a guide.

The bankrupt and his trustee are alike interested in an asset such as this claim against the defendant. Upon the appointment of the trustee and the adjudication in bankruptcy, it is true that title to assets passes to the trustee, but it is for the benefit of the bankrupt and his creditors. The trustee has no rights of his own if we eliminate his fees. He takes over the property of the bankrupt to handle it for him, to turn into cash his business or property and out of the amount satisfy his debts as far as it will go. The primary object of a bankruptcy law is to secure a just distribution of the bankrupt's property among his creditors; the secondary object is the release of the bankrupt from the obligation to pay his debts. (*Wilson* v. *City Bank*, 84 U. S. 473.)

The essential principle of the Bankruptcy Law is that all of the bankrupt's property be divided equally without preference to the payment of his debts. (*Ross* v. *Saunders*, 105 Fed. Rep. 915; *Matter of Frazin*, 183 Fed. Rep. 28.) The bankrupt has not lost all interest or rights in these assets. He must turn over all his property and make fair and full revelation of his claims, because he expects to be discharged from his debts, which is dependent upon his good faith. He is under the moral as well as the legal obligation to pay his debts to the best of his ability.

Again, the trustee in bankruptcy is not obliged to maintain or continue every cause of action which the bankrupt may have. He is not bound to accept burdensome property nor unprofitable contracts (*Atchison, T. & S. F. Ry. Co.* v. *Hurley*, 153 Fed. Rep. 503; affd., 213 U. S. 126), nor is he obliged to intervene in any action pending by or against the bankrupt. (*Kessler* v. *Herklotz*, 132 App. Div. 278; *Fleming* v. *Courtenay*, 98 Me. 401.) If a trustee does not take up the prosecution

of a suit the defendant is not released even where the right of action is one that might have passed to the trustee. The bankrupt may continue the prosecu ion of the action. (*Griffin* v. *Mutual Life Ins. Co.*, 119 Ga. 664.) The relationship, therefore, between the bankrupt and his trustee is for one and the same purpose — to get out of the bankrupt's property and claims enough money to pay his debts and to relieve the bankrupt, through his discharge, from further responsibility.

It is conceded that if the curators or trustee in bankruptcy had been appointed after this action had been commenced, the substitution of the trustees would have been legal and proper. It could not then be claimed that they were beginning a new action or proceeding upon any claim of their own. They would simply be following up the collection of an asset which when paid would be turned over to them instead of to the bankrupt. So, too, it is conceded that if Van der Stegen had obtained judgment in this present action he could not receive payment in his own right but would be held accountable as trustee, obliged to turn over the money to the curators, and through them to his creditors. Is it, therefore, not the same cause of action when the bankrupt has commenced the suit after having been adjudged a bankrupt, and his trustee or curator ratifies his action and seeks to continue it? To hold otherwise creates a distinction too fine for the commercial world and weakens the bankruptcy law enacted for the benefit of creditors as well as the bankrupt.

Neither is this a case where the defendant has suffered any harm by delay. Ever since 1920 it has been in litigation over its breach of contract. Judgment was recovered against it in China, reversed by the Circuit Court of Appeals, another action immediately started by its creditor, so that its present plea as against these trustees in bankruptcy is dependent solely upon a narrow construction of our Statute of Limitations.

The cause of action commenced by Van der Stegen and that continued by these trustees are one and the same. There are not two claims; there is only one, based upon the same facts and, as we have stated, for the benefit of the bankrupt and his creditors. This is not an instance where, after the Statute of Limitations has run, a party comes into litigation pressing a separate, distinct and new cause of action. Neither is it a case where the trustees seek to bring in another or additional defendant after the running of the statute. This action was brought by Van der Stegen in legal effect for the benefit of his creditors and is simply continued in the name of the trustees or curators who are their legal and proper representatives. All that has been accomplished here is really to change the name of the plaintiff, as the judgment in this case dismisses the action brought by Van der Stegen and gives judgment in the name of the curators.

We look not for authorities embodying the same facts; we do find them, however, enforcing this principle. In *Weldon* v. *United States* (65 Fed. Rep. [2d] 748) a stevedore had been injured while working on a vessel. He elected to take compensation from his employer under the terms of the Longshoremen's and Harbor Workers' Compensation Act. By the operation of that law his cause of action was thereby assigned to his employer. Thereafter, having no cause of action, because it had been assigned to his employer, he filed a libel against the United States, as owner of the vessel, claiming that his injuries had been caused by the negligence of the vessel or her owner. After the expiration of a two-year period of limitation within which to bring such an action, a motion was made to substitute the employer as libellant. The Circuit Court held that no new cause of action was introduced by the proposed amendment. The claim was in no way altered. The amendment merely had substituted a new party plaintiff.

The appellant seeks to break the force of this authority by saying that the employee was bringing the suit for his employer. The law says the same thing regarding Van der Stegen's action. He, too, was bringing it, in the eyes of the law, in behalf of his creditors and curators in bankruptcy. He could not keep the recovery for himself. The law would make him a trustee and compel him to pay over.

*Service* v. *Farmington Sav. Bank* (62 Kan. 857) also took the same view. An action was brought to recover on a note in the name of the original payee. Before the action was brought the payee had sold and transferred the note and the mortgage securing it to the Farmington Savings Bank. After the Statute of Limitations had run, the bank moved to be substituted as plaintiff. The motion was granted. The court said: "The substitution of the bank as the plaintiff did not in fact change the nature or the identity of the action originally brought against the defendants * * *. The action which she brought was based on the same claim and cause of action which is the foundation of the judgment in favor of the bank. The purpose of the suit was the same after the amendment as it was before — to recover upon the note and to foreclose the mortgage given to secure its payment."

*Merced Bank* v. *Price* (9 Cal. App. 177) followed the same course. An action was brought on a promissory note secured by a mortgage in the name of the payee, the Merced Bank. Prior to the commencement of the action it had transferred and assigned the note and mortgage to a Mrs. Ivett. After the Statute of Limitations had run the assignee was substituted as plaintiff in the action. The court held that this substitution was proper.

The plaintiff in *Missouri, Kansas & Texas Ry. Co.* v. *Wulf* (226 U. S. 570) brought action in her individual capacity to recover damages by reason of the death

of her son. Under the Federal Employers' Liability Act such an action could only be maintained by the personal representatives of the deceased. After the commencement of the action the plaintiff took out letters of administration and the court held that an amendment substituting her as administratrix was proper, although the order making her a party was made more than two years from the time the alleged cause of action accrued, which was beyond the time allowed for commencing such an action.

This was followed by a similar ruling in *N. Y. C. & H. R. R. R. Co.* v. *Kinney* (260 U. S. 340, 346), wherein Mr. Justice HOLMES said: " Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." (See, also, *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Murray* v. *New York, Ontario & Western R. R. Co.*, 242 App. Div. 374; *McDonald* v. *Nebraska*, 101 Fed. Rep. 171; *Beresh* v. *Knights of Honor*, 255 Ill. 122.)

We, therefore, agree with the Appellate Division, that the six-year Statute of Limitations did not prevent the substitution or the bringing in of the curators as parties plaintiff in this action.

We do not touch upon the effect of section 23 of the Civil Practice Act, as the above ruling renders it unnecessary. The motion of the curators, to be made parties to this action, was made on September 10, 1926, within the year after the reversal, not upon the merits, by the Circuit Court of Appeals of the same cause of action which was on June 9, 1926. The Appellate Division seems to have been unanimous in believing that if this were the same cause of action as we believe it to be it came within the provisions of this section. We need not discuss it.

The judgment should be affirmed, with costs to coplain-tiffs, respondents-appellants (curators).

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed.