DELIA MCCARTHY, as Administratrix, etc., of TIMOTHY KEANE, Deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

First Department, March 27, 1936.

*Charles R. Mullin* of counsel [*Thomas J. O' Neill*, attorney], for the appellant.

*Gerald E. Dwyer* of counsel [*Clive C. Handy*, attorney], for the respondent.

O'MALLEY, J. The propriety of permitting the service of an amended complaint is here in question. The action is brought to recover damages under the provisions of the Federal Employers' Liability Act (U. S. Code, tit. 45, §§ 51–59), for a death occurring December 11, 1929, through defendant's alleged negligence at a time when the deceased and the defendant were both engaged in interstate commerce.

The action was begun by the service of a summons and complaint on July 18, 1930. The complaint alleged that the plaintiff had been duly appointed administratrix of the deceased and was authorized to institute and prosecute the suit. The complaint is now sought to be amended so as to show that the letters of administration to prosecute were issued on October 16, 1930, after commencement of the action and to further show that at all times the plaintiff herein was the sole next of kin entitled to benefit under the statute in question. A further amendment to include an allegation that the injuries " resulted in conscious pain and suffering," prior to death, is also sought.

The proposed amendment to set forth the specific date when plaintiff was appointed administratrix and to show that she individually was the sole surviving dependent next of kin should have been granted. The action having been brought under the provisions of the Federal Employers' Liability Act, the decisions of the Federal courts as to the party entitled to sue, and of the nature of the right, whether personal or representative, should control. (*Murray* v. *N. Y., O. & W. R. R. Co.*, 242 App. Div. 374, 376; cited as authority in *Van der Stegen* v. *Neuss, Hesslein & Co.*, 270 N. Y. 55.)

It has been held that it is proper even after the expiration of the Statute of Limitations to permit an amendment from a suit in an individual capacity to one showing action brought in a representative capacity. (*Missouri, K. & T. R. Co.* v. *Wulf,* 226 U. S. 570.) The amendment there permitted, moreover, was one from a cause of action predicated upon a State statute to one based upon the Federal Employers' Liability Act. In that case, as in this, the appointment of administratrix occurred after the institution of the suit. The court did not deem the appointment a prerequisite to the institution of the suit. So, too, institution of suit in order to avoid the Statute of Limitations by a party for whose benefit the liability existed, though not the personal representative of the deceased, was approved in *Reading Co.* v. *Koons* (271 U. S. 58, 62).

In the case before us the plaintiff now appears to be the sole party in interest. She was appointed administratrix after the commencement of the suit, but before the Statute of Limitations (U. S. Code, tit. 45, § 56) had run. In view of the foregoing authorities, this amendment should have been permitted in this representative action. Our procedure is adequate to effect it. (*Murray* v. *N. Y., O. & W. R. R. Co., supra,* p. 376.)

Whether upon similar facts the decision in *Smith* v. *New York Central R. R. Co.* (183 App. Div. 478) is to be followed need not be determined. The court was there dealing with a statute of this State. We are here concerned with a statute of the United States, and the Federal courts are entitled to determine the nature of the right and the parties who, from time to time, may institute an action or enforce the right. (*Murray* v. *N. Y., O. & W. R. R. Co., supra.*)

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion granted to the extent above indicated, and otherwise denied.

MARTIN, P. J., McAVOY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted to the extent indicated in opinion, otherwise denied. Settle order on notice.