RUTH SCHAPIRA, Appellant, v. THE NATIONAL CITY BANK OF NEW YORK, Respondent.— From an order dismissing her amended complaint and judgment entered thereon, the plaintiff appeals. The basis of the order and judgment

appealed from is that the Statute of Limitations tolled between the commencement of the action and the service of the amended complaint for the reason that the amended complaint set up a new and distinct cause of action. Order and judgment reversed on the law, with ten dollars costs and disbursements, and the motion denied with ten dollars costs, with leave to defendant to answer within ten days from the entry of the order hereon. The amended complaint does not state a new cause of action. The original complaint purported to state and the amended complaint states a cause of action for money obtained under duress. The original complaint failed to state a cause of action because it alleged that in consideration of the amounts sued for the defendant agreed to compound a felony. No such agreement is alleged in the amended complaint. The action is still to recover moneys paid under duress, and under well-established precedents the defense of the Statute of Limitations is not available. (Civ. Prac. Act, § 23; *Harriss* v. *Tams*, 258 N. Y. 229; 3 Carmody's New York Practice, p. 2481; *Eighmie* v. *Taylor*, 39 Hun, 366; *Van der Stegen* v. *Neuss, Hesslein & Co., Inc.*, 243 App. Div. 122; affd., 270 N. Y. 55; *New York Central & H. R. R. R. Co.* v. *Kinney*, 260 U. S. 340; *United States* v. *Memphis Cotton Oil Co.*, 288 id. 62.) Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.