## FOX v. McGRATH et al.
### No. 95.

Circuit Court of Appeals, Second Circuit.
Dec. 19, 1945.

Walter Bruchhausen, of New York City (Cadwalader, Wickersham & Taft, of New York City, on the brief), for petitioner-appellant Fox.

Edward Lazansky, of New York City (Lazansky, Callaghan, Stout & Nova and Thomas A. Gaffney, all of New York City, on the brief), for debtor-respondent Long Island University.

Francis M. Verrilli, of Brooklyn, N. Y., for respondents-appellees John P. McGrath and Joseph O'Connor.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Petitioner, Frank Fox, has appealed from an order of the District Court denying a petition that a judgment obtained by him in the Supreme Court of New York against Long Island University, debtor in reorganization proceedings, be declared a first lien against the proceeds of sale of the debtor's real property.[1] The claim upon which the judgment was entered was on a note given by the University to the Brooklyn National Bank, August 17, 1936; and the Bank began suit upon it in March, 1942. After appearing in the action, the defendant admitted it had no defense and stipulated that judgment might be entered against it without further notice.[2] The Bank assigned its claim to Fox before termination of the suit, however, and judgment was entered and docketed in his name on January 14, 1943.[3] The debtor had knowledge of this by February, and the present reorganization proceedings were not initiated until September 3, 1943. In the petition for reorganization, the assignment to and recovery of judgment by Fox were recited with specific detail. The debtor and its trustees in reorganization now contend that entry of judgment in Fox's name without a previous court order substituting him as plaintiff invalidates it and destroys the lien upon defendant's real property, which otherwise dates from the time of its docketing. N. Y. Civil Practice Act, § 510.

Since this is a collateral attack on the New York judgment, we cannot hold the lien invalid unless the defect is one which, under the New York law, went to the jurisdiction of the court. White v. Crow, 110 U.S. 183, 4 S.Ct. 71, 28 L. Ed. 113; McGoon v. Scales, 76 U.S. 23, 9 Wall. 23, 19 L.Ed. 545; Mellen v. Moline Malleable Iron Works, 131 U.S. 352, 9 S. Ct. 781, 33 L.Ed. 178; Santiago v. Nogueras, 214 U.S. 260, 29 S.Ct. 608, 53 L.Ed. 989; Straton v. New, 283 U.S. 318, 322, 51 S.Ct. 465, 75 L.Ed. 1060. Sec. 83 of the N. Y. Civil Practice Act, on which respondents base their contention, itself appears to treat the question of assignments pendente lite very pragmatically, allowing continuance by the assignor, substitution of the assignee, or joinder of both parties "as the case requires."[4] And failure to comply literally with its terms appears to be an oversight on the part of the parties or court officials of the kind which is amendable under N. Y. Civil Practice Act, § 109(12),[5] or at most an omission or ir-

---

[1] The petition was originally in the name of an assignee of Fox, but has been pressed by the latter upon reassignment of the claim to him.

[2] In a stipulation dated July 24, 1942, signed by the attorneys for the plaintiffs, the attorneys for the defendant, and the defendant, by one Metcalfe, "Its Dean," it is provided: "Defendant hereby admits and stipulates that it has no defense to this action, and that plaintiff may have judgment for the relief demanded in the complaint, as hereinafter provided, without further notice to the defendant."

[3] The judgment was entered upon affidavit of an attorney for the Bank, setting forth the amount due with interest and costs, that defendant was in default for failure to answer or move in the case, and that the Bank had assigned all its interest to Frank Fox, "the plaintiff," "which assignment is filed as part of this judgment roll." The formal assignment did appear as a part of the judgment roll. Authorization for the entry of a default judgment by the clerk is found in N.Y.C.P.A. §§ 485–487.

[4] N.Y.C.P.A. § 83: "In case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires." Continuance of the action in the name of the assignor appears to lie quite in the discretion of the court. Hirshfeld v. Fitzgerald, 157 N. Y. 166, 177, 51 N.E. 997, 46 L.R.A. 839; Hawkins v. Mapes-Reeve Const. Co., 178 N.Y. 236, 242, 70 N.E. 783. It was even questioned whether the defendant could properly seek the substitution (cf. cases cited in the annotation in 149 A.L. R. 829, 852–854), but a late case indicates he may. White v. Hardy, 180 Misc. 63, 39 N.Y.S.2d 911, affirmed 266 App.Div. 660, 41 N.Y.S.2d 210, relying upon a slight change in the statutory language, though the assignee is entitled to notice under Betts v. De Selding, 81 App.Div. 161, 80 N.Y.S. 799.

[5] Providing that no judgment shall be "impaired or affected" by reason of in-

regularity which a New York court must ignore or correct under § 105.[6] In fact, 2 R.S. 1829, pt. 3, tit. 5, p. 425, § 7, which was the predecessor of § 109, was so construed in Christal v. Kelly, 88 N.Y. 285, 286, where the plaintiff had failed to comply with the statute requiring a court order for amendment to add a party. And in Wight v. Alden, 3 How.Prac., N.Y., 213, before even the passage of the remedial sections, the court denied a motion to set aside a judgment upon confession on the grounds that the plaintiff failed to obtain the required court order. Here, as in both of the cases cited, there is apparent no injury to respondents through the omission to procure a court order. The debtor itself stipulated that it had no defense to the action brought by the Brooklyn National Bank, and it has not seriously questioned the validity of the assignment to Fox.[7]

██ ██ Respondents contend, however, that a defendant is entitled to notice of a substitution so that it may have a chance to contest the new ownership or to assert a counterclaim against the transferee. They rely upon Smith v. Zalinski, 94 N.Y. 519, 522, where, however, the court significantly added: "Such a transfer of interest is usually a formal matter in which the defendant has no concern except to be protected from a double claim." Here the court had general jurisdiction, and the defendant had appeared. The New York courts have consistently said that, even where notice of motion is required for further proceedings in an action, failure to give it is not a jurisdictional defect. "An omission to give notice of motion where such notice should have been given, constitutes ground for a motion on behalf of the adverse party to set aside the order ob-

tained ex parte. But even then the order may be allowed to stand, if it should be made to appear that the adverse party was in point of fact in nowise prejudiced." Shaw v. Coleman, 54 N.Y.Super.Ct. 3, 6. And see Goldreyer v. Foley, 154 App.Div. 584, 139 N.Y.S. 190; Pinckney v. Hagerman, 4 Lans., N.Y., 374, affirmed Pinckney v. Hegeman, 53 N.Y. 31; Tweedy v. United Life Ins. Ass'n, 33 N.Y.S. 412, 24 N.Y. Civ.Proc.R. 259; Szirtes v. Bly, 185 App. Div. 274, 172 N.Y.S. 802. Hence it would seem that the appropriate remedy here was a seasonable motion to vacate or correct the judgment. People ex rel. City of New York v. Every, 231 App.Div. 576, 248 N.Y. S. 92; N.Y.C.P.A. § 109, supra. There is no violation of due process as to a defendant. Both the Bank and the assignee were bound by the judgment based upon and incorporating the assignment, and the defendant was thus fully protected against future claims. As to the loss of potential opportunity to counterclaim (though no actual existing counterclaim is suggested), it is to be said that the right to counterclaim is being increasingly respected as a convenient procedural device; but it obviously does not affect or foreclose fundamental rights which may be asserted elsewhere, and, indeed, is only recently making its way as a really complete procedural remedy.[8]

██ In connection with the claim of denial of due process, the analogy of the treatment of the real-party-in-interest defense seems apt.[9] Here, too, the New York courts have held, in accordance with the general rule, that the defense is not jurisdictional, but is, indeed, freely waivable by the parties through failure to make claim therefor. Porter v. Lane Construc-

---

ter alia, "any other default or negligence of the clerk or any other officer of the court or of a party, his attorney or counsel, by which the adverse party has not been prejudiced."

[6] Providing that "at any stage" of an action or appeal, "a mistake, omission, irregularity or defect may be corrected or supplied, * * * or, if a substantial right of any party shall not be thereby prejudiced, * * * must be disregarded." See Irving Trust Co. v. American Silk Mills, 2 Cir., 72 F.2d 288, certiorari denied American Silk Mills v. Irving Trust Co., 293 U.S. 624, 55 S.Ct. 239, 79 L.Ed. 711; Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N.Y. 402, 82 N.E. 448.

[7] True, there is a cryptic suggestion from the debtor that a guaranty of payment given to Fox by one of the Bank's directors "may make its validity questionable as against public policy," which seems to us unconvincing.

[8] Not fully achieved in New York until 1936, amending N.Y.C.P.A. §§ 262, 266, on recommendation of the Judicial Council, Second Rep.1936, 117, 122; 37 Col.L.Rev. 462. Provisions as to counterclaims against an assignee are contained in N.Y.C.P.A. § 267, N. Y. Personal Property Law, Consol.Laws, c. 41, § 41(3).

[9] N.Y.C.P.A. § 210.

tion Corp., 212 App.Div. 528, 209 N.Y.S. 54, affirmed 244 N.Y. 523, 155 N.E. 881; Dickinson v. Tyson, 125 App.Div. 735, 110 N.Y.S. 269; Smith v. Hall, 67 N.Y. 48; Klein-Messner Co. v. Fair Waist & Dress Co., 217 App.Div. 647, 216 N.Y.S. 174; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406; Clark v. Chase Nat. Bank, D.C.S. D.N.Y., 45 F.Supp. 820; Clark, Code Pleading, 1928, 105, 137. As the cases point out, a defendant is not interested in the assignment beyond securing his own protection from repeated claims. Cf. Smith v. Zalinski, supra. When he secures that protection his needs should be held satisfied. Analogous also are cases allowing substitution of parties after the statute of limitations has run, as where a bankruptcy trustee is substituted for the debtor, Van Der Stegen v. Neuss, Hesslein & Co., 270 N.Y. 55, 200 N.E. 577, 105 A. L.R. 605, or where a plaintiff suing in a personal capacity is allowed to continue in a representative capacity. McCarthy v. New York Cent. R. Co., 247 App.Div. 50, 286 N.Y.S. 598; Murray v. New York, O. & W. R. Co., 242 App.Div. 374, 275 N.Y.S. 10; Missouri, K. & T. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. A striking case of this kind is People ex rel. Durham Realty Corp. v. Cantor, 234 N.Y. 507, 138 N.E. 425, reversing 201 App.Div. 834, 192 N.Y.S. 657, reversing on the dissenting opinion of Clarke, J., below and allowing late substitution of an individual for a corporate name in certiorari proceedings for reduction of tax assessments.

■ The several cases cited by respondents seem to us clearly instances where there is a fundamental lack of authority affecting a substantial right, such as where a clerk of the court goes beyond his authority and either enters a judgment in contract and tort where the statute permits entry in contract only [10] or enters judgment where his only function is to hear and report.[11] The judgment entered against the debtor here was entered on a genuine debt in favor of the real party in interest; and it is res judicata as regards the Brooklyn National Bank and Fox, as well as the debtor and its creditors. Candee v. Lord, 2 N.Y. 269, 51 Am.Dec. 294. That is all that respondents can rightfully

demand. The District Court adverted to other facts which seem to us definitely extraneous to the issue, such as the desirability of keeping the University open, the difficulties of the trustees in selling the real estate, and the small consideration paid by Fox for the assignment. After all, the University owed the obligation, and appropriate steps for its enforcement had been taken. To hold that a debtor obtains acquittance from a burdensome but just lien on so small a mischance as here occurred would be a travesty on justice. As to the other defenses not tried below, they remain open for trial on remand.

Reversed and remanded.

---

[10] Bouker Contracting Co. v. Neale, 161 App.Div. 617, 146 N.Y.S. 894; cf., however, Zielinski v. United States, 2 Cir., 120 F.2d 792, 793, for a mere failure by the clerk to follow "the prescribed procedure."

[11] Cartier v. Spooner, 118 App.Div. 342, 103 N.Y.S. 505.