Per Curiam.

The proposed amendment of the title in the summons, complaint, and other pleadings was merely to change the designation of the defendant Di Stefano from his representative capacity as executor to his individual capacity. Such an amendment does not bring in a new or different party and is, therefore, permissible notwithstanding that at the time of the amendment the period of limitation has already run. (Boyd v. United States Mtge. & Trust Co., 187 N. Y. 262; cf. Van der Stegen v. Neuss, Hesslein & Co., 270 N. Y. 55.) It does not appear that the allowance of the amendment will prejudice the defendant Di Stefano. It was, therefore, error to deny leave to make the amendment.
The orders should be reversed, with $10 costs and disbursements, and motion returnable below on April 10, 1956 granted.
Hoestadter, Aurelio and Tilzer, JJ., concur.
Orders reversed, etc.