■ Poy S. Leung et al., Respondents, v. Concetta Macaluso, Appellant. — Motion for leave to appeal to the Appellate Division denied, without costs. Present — Wenzel, Acting, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ Town of Huntington, Respondent, v. Broad Hollow Estates, Inc., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Motion for a stay denied, without costs. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ August Zolotorofe, Respondent, v. Herbert Pearson, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ Max Berkowitz, Respondent, v. Arc Boiler & Welding Co., Inc., Appellant, et al., Defendants.— Action by an employee of a tenant in a factory building against Brooklyn Yarn Dye Co., Inc., the owner of the building, Du-All Maintenance Corp., the general contractor hired by Brooklyn Yarn to remove certain boilers and boiler equipment from the building, and Arc Boiler & Welding Co., Inc., hired by Du-All to perform certain acetylene cutting work in connection therewith. The employee was injured when he fell through a floor weakened as the result of a fire concededly caused by appellant's negligence. The jury rendered a verdict in favor of the employee against Arc Boiler and Du-All, and in favor of Brooklyn Yarn against the employee. Arc Boiler appeals from so much of the judgment as is against it. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ Michael Friedman, as Trustee in Bankruptcy for the Estate of Cecil D. Morash, Respondent, v. Nathan Ackerman, Appellant.— In an action to recover a balance alleged to be due for services rendered, the appeal is from an order denying a motion to require respondent to give security for costs pursuant to sections 1522 and 1524 of the Civil Practice Act. Order reversed, with $10 costs and disbursements, motion granted, and matter remitted to the Special Term for further proceedings not inconsistent herewith. A defendant is entitled to security for costs where, as here, after the commencement of the action, the plaintiff is adjudicated a bankrupt (Civ. Prac. Act, § 1522, subd. B, par. 6). Obviously, the obligation falls on the trustee as successor plaintiff in the action, which remains the same despite the appointment (Van der Stegen v. Neuss, Hesslein & Co., 270 N. Y. 55, 61). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ Patricia Gerardi, an Infant, by Helen Gerardi, Her Guardian ad Litem, et al., Appellants, v. Anthony Krais et al., Respondents.— In an action by an infant to recover damages for personal injuries and by her mother for medical expenses, the appeal is (1) from a judgment, entered on a jury verdict, dismissing the complaint, (2) from the denial of an oral motion to set aside the verdict and for a new trial, and (3) from an order dated April 12, 1955, as resettled by order dated May 23, 1955, denying a motion to set aside the verdict and for a new trial on the ground of newly discovered evidence and on other grounds. Judgment and order as resettled unanimously affirmed, without costs. No opinion. Appeal from denial of oral motion to set aside the verdict dismissed, without costs. No appeal lies from a denial of a motion, and no order denying said motion is printed in the record. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.