Michael Catalano, J.
This is a motion for an order, striking out of the amended complaint, as sham, so much as relates to Glens Falls Insurance policy No. 10668, renewal No. 10556 in paragraphs Third, Fifth, Sixth through Eighteenth.
On October 28, 1960, an explosion and loss occurred at plaintiff’s premises on Broadway, Village of Alden, New York.
On May 31,1961, a summons only was served upon defendants. Thereafter defendant served its notice of appearance.
On August 7, 1961, the original complaint was served, based upon a policy of insurance No. 10929, issued June 1, 1959 for a term of five years.
*469 After obtaining extensions of time to answer, on November 6, 1961, defendant served its answer. On November 21, 1961, plaintiff served an amended complaint, including said allegations referring to policy No. 10668, renewal No. 10556; it was received on the following day by mail at defendant’s attorneys’ offices.
Defendant contends that the second policy is barred by section 168 of the Insurance Law, and the clause in the policy, stating: “ No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, unless commenced within twelve months next after inception of the loss.”
The courts of this State are extremely liberal in retaining a cause of action which once existed, notwithstanding the limitation statutes. (Van der Stegen v. Neuss, Hesslein & Co., 243 App. Div. 122, 130, affd. 270 N. Y. 55.) “ There is no doubt that the court may, at Special Term, allow an amendment of a complaint by introducing therein even a cause of action barred by the statute of limitations. But in such case the defendant must not be deprived of his defense of the statute.” (Davis v. New York, Lake Erie & Western R. R. Co., 110 N. Y. 646, 647.)
Section 168 of the Insurance Law provides that the action on the policy must be commenced within 12 months next after inception of the loss. Until the complaint is served in such action, and until the time has elapsed during which the complaint may be amended as of right, it is impossible to determine definitely upon what policy or policies the action is brought. After that time the nature of the cause or causes of action is definitely determined; it is brought upon the policy or policies set forth in the complaint. Then the Statute of Limitations ceases to run against the cause or causes of action founded upon the policy or policies; but it continues to run against all other causes of action. (Harriss v. Tams, 258 N. Y. 229.)
When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of the occurrence of a specified loss, the reasons for the Statute of Limitations cease to exist; in such case, a liberal rule should be applied. (New York Cent. & Hudson Riv. R. R. Co. v. Kinney, 260 U. S. 340, 346.)
Section 244 of the Civil Practice Act, entitled “ Amendments of course” provides, in part: “Within twenty days after a pleading, or the answer * * * thereto is served * * * the pleading may be once amended by the party, of course, *470 without costs and without prejudice to the proceedings already had. ’ ’
Here, the amended complaint was served within 20 days.after the service of the answer to the original complaint, therefore, it was as of right and timely. Motion denied, without costs.